**Kent Morgan YANTIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Travis Vaughn DOUGHTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 44328, 44329.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Rehearing Denied March 1, 1972.

Stayton, Maloney, Black, Hearne & Babb by Frank Maloney, Austin, for appellants.

Bob O. Smith, Dist. Atty., Phoebe Lester, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for possession of marihuana; the punishment for each appellant, two years. The imposition of the sentenc-

es was suspended and appellants were granted probation.

The jointly indicted appellants both waived a jury trial, entered pleas of not guilty and were tried before the court.

We first consider appellant's ground of error no. 4, which challenges the sufficiency of the evidence and is stated: "The trial court erred in refusing to grant defendants' motion for verdict upon the conclusion of the testimony, as the state had wholly failed to prove a material element of the charge, viz., that defendants were in control and custody of the marihuana seized."

When the officers approached the apartment to execute a search warrant they found the door open. After they entered the apartment they saw the appellants and a girl in the apartment. A penny matchbox containing what was proved to be 1.19 grams of marihuana seeds and a "plastic baggie" containing what was proved to be 3.03 grams of marihuana leaves and stems were found in the apartment in plain view on the serving counter dividing the kitchen from the living room. The appellant Doughty was found in a bedroom at a desk or nightstand making entries in a checkbook. A box was found in the dresser in that bedroom which contained 27.91 grams of what was proved to be marihuana seeds. On the desk where the appellant Doughty was making the entries in the checkbook was found one clay pipe. Another clay pipe was found in the dresser. The chemist and toxicologist testified that he found that there were traces of marihuana in these pipes. Karen Meine testified that she was the assistant manager of the apartment house and while in that capacity she became acquainted with the appellants Yantis and Doughty. She said that she had collected rent for the apartment from both of the appellants from time to time. She recalled the events of the 5th day of May, 1970, when some police officers came to the apartment house during the nighttime hours. At that time both appellants

Doughty and Yantis were residing at Apartment No. 231, in the apartment house located at 711 W. 32nd in Austin. Appellants had taken up residence on separate occasions, but both had lived there more than thirty days before the 5th of May of 1970.

■ The evidence is sufficient to show the appellants had such "control and custody" of the marihuana seized to constitute possession. Cf. Blaylock v. State, 171 Tex.Cr.R. 665, 352 S.W.2d 727 (1961); King v. State, 169 Tex.Cr.R. 34, 335 S.W. 2d 378 (1959) and Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735 (1960). Appellant's ground of error no. 4 is overruled.

Ground of error no. 3 is that "The court erred in admitting the marihuana into evidence inasmuch as it was seized pursuant to the execution of a search warrant based upon an affidavit which failed to state probable cause."

In Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court set out two requirements for an affidavit for a search warrant, where the affidavit is based upon hearsay evidence. *Aguilar* requires, first, that the issuing magistrate "be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where [they said] they were" and, secondly, that he be informed of "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was 'credible' or his information 'reliable'." 378 U.S. at 114, 84 S.Ct. at 1514.

The appellants agree that an affidavit used to obtain a search warrant may be based upon hearsay evidence. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). They also concede that the affidavit for the search warrant in the instant case meets the first requirement of Aguilar v. Texas, *supra*.

The appellants argue that the affidavit here in question does not meet the requirements of the second test of *Aguilar* and that the deficiencies of the affidavit are like those in the case of Kemp v. State, 464 S.W.2d 141 (Tex.Cr.App.1970), which the majority of this court held to be insufficient. The allegations in that affidavit concerning the credibility of the informant were "We have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas."

The pertinent part of the affidavit in this case reads:

". . . that on or about the 5th day of May, A.D. 1970, affiant received information from a credible and reliable informant that Kent Yantis W–M–20 and Travis Doughty, W–M–20 were keeping and using marijuana at their apartment, located in Buckingham Square Apartments, Apartment 231 which is located at 711 W. 32nd. Informant has been present within the last 24 hours and has observed numerous containers of marijuana plants scattered about the entire apartment. Several penny matchboxes of marijuana were located on the breakfast bar dividing the living room and the kitchen. Also, a plastic bag of marijuana seed was observed on the couch in the living room. Informant further states that he has been present in the Yantis Doughty apartment when they have been smoking marijuana and that they have numerous visitors coming and going regularly to their apartment who also participate in the use of marijuana. Though the informant has not given information in the past, the credibility and reliability has been established by his excellent reputation in the neighborhood in which he re-

sides, the lack of a criminal record and his continuous gainful employment."

The portion of the affidavit which we must focus on to determine the issue raised in this case is "Though the informant has not given information in the past, the credibility and reliability has been established by his excellent reputation in the neighborhood in which he resides, the lack of a criminal record and his continuous gainful employment." Does this quoted portion of the affidavit meet the second requirement of *Aguilar*?

The allegations in this affidavit show that the affiant has made a considerable effort to determine the "credibility and reliability" of his informant. The affiant could not truthfully swear that his informant had an excellent reputation in the neighborhood where he resided without taking some means to determine how that excellent reputation had been established. The affiant could not truthfully swear that his informant did not have a criminal record without making some investigation to determine that his statement was true and correct. The affiant could not truthfully state that the informant had continuous gainful employment without making some effort to gain this information. If we apply the "common sense teachings" of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 2079, 29 L.Ed.2d 723, 730 (1971), the instant affidavit is sufficient. These underlying circumstances are sufficient for the magistrate to have found that the affiant's informant was "credible" and "reliable".[1]

1. Although this affidavit has been found to be sufficient, it should *not* be considered a model *form* to be followed in future cases. Allegations concerning "credibility" and "reliability" of unnamed informers should directly allege facts and circumstances showing the informer's reputation for veracity and truthfulness to be good. Each affidavit should truthfully set forth the facts and circumstances existing in that particular instance. Principles and guidelines rather than *forms* should be followed.

Appellants' ground of error no. 1 is that "The trial court erred in refusing the grant defendants' motion to suppress the evidence seized."

Appellants filed a pretrial motion to suppress the evidence. After a full hearing on the matter, the trial court denied and overruled the motion to suppress the marihuana recovered by the officers.

The appellants argue "The Trial Court erred in admitting into evidence the evidence which, although seized pursuant to a search warrant, was nonetheless the fruit of a prior unlawful search perpetrated by a private party acting in the role of a police agent." They further argue that Mrs. Meine, the manager of the apartment in which the marihuana was found, acted in "collusion with" and at the suggestion of Chris Clearman, a police officer; that on the pretext of making minor repairs, the manager entered the apartment, searching for marihuana, which she found. The marihuana which she found was delivered to Clearman, who was not assigned to the narcotics division, and he in turn delivered the contraband to Captain Gann, officer in charge of the narcotics division. Appellants say that "it is not reasonable as the State has done to contend that the knowledge of the former search did not color the decision to conduct the latter."

The appellants stoutly maintain there was no other informant than Mrs. Meine and that she was the informant referred to in the search warrant affidavit.

The State contends that the facts and circumstances stated in the affidavit upon which the search warrant is based were derived from an informer, wholly independent of and unaided by the activities of Mrs. Meine, the manager of the apartment. Officer Bobby Sides, the affiant, testified that he had not received from either Mrs. Meine, Officer Clearman or Captain Gann any of the information concerning Mrs. Meine's activities until after he had made the affidavit and the search warrant had been issued. Sides said the information upon which the affidavit was based was received by him from an informant other than Mrs. Meine. Sides remained steadfast and his testimony was unshaken under vigorous and repeated cross-examination by appellants' counsel.

■ The evidence in the record supports the trial court's order denying the motion to suppress the evidence and this ground of error is overruled.

Ground of error no. 2 is that "The Trial Court erred in its refusal to require the state to disclose the name of its alleged informant."

This ground of error is closely related to that last discussed. Appellants argue "Had the state wished to do so, it could easily have established the independence of the evidence by naming its alleged informant —and yet the state offers no explanation for this astonishing chain of coincidences other than to repeatedly contend that the information was derived from an independent source." Appellants contend that they have shown that there is such a likelihood that the informant referred to in the affidavit was either Mrs. Meine or was fictitious that the State should be required to divulge the identity of the informant if in fact one existed.

Plain concise statements in an affidavit made as if the affiant were writing a letter or a report stating the facts and circumstances showing why the affiant believes the contraband or article to be searched for is where it is alleged to be and the facts or circumstances showing the reliability or credibility of an unnamed informant is sufficient. No legal or technical wording is required. The use of form affidavits was condemned in Brown v. State, 437 S.W.2d 828 (Tex.Cr.App. 1968).

We must again look to the record. In addition to his testimony already referred to, Officer Sides testified the informant was a man, that none of the information came directly nor indirectly from Mrs. Meine. The record does not indicate and there is no contention that the informant participated in the offense for which the appellants were on trial nor that he was a material witness to the guilt or innocence of the appellants in the act charged. In view of the record the appellants were not entitled to know the identity of the informer mentioned in the search warrant. The facts do not bring them within the doctrine of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). See also McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Albitez v. State, 461 S.W.2d 609 (Tex.Cr.App. 1970) and Bosley v. State, 414 S.W.2d 468 (Tex.Cr.App.1967).

The appellants' last ground of error is that "the state having failed to prove the integrity of its evidence through the entire chain of custody transaction, the trial court erred in refusing to grant defendants' motion for an instructed verdict." Several officers, the chemist and toxicologist, the prosecutor and appellants' attorney had possession of the contraband at one time or another, but there is nothing in the record to show that the contraband had been tampered with. No error is shown. See Walker v. State, 470 S.W.2d 669 (Tex.Cr.App.1971).

The judgments are affirmed.

Opinion approved by the Court.

MORRISON, J., concurring in the result.

DOUGLAS, J., not participating.