Linda WETHERBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45103.

Court of Criminal Appeals of Texas.

June 21, 1972.

Roy Q. Minton, Charles R. Burton, John L. Foster, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of marihuana. The punishment was assessed at four years, probated.

The record reflects that about 12:25 a. m., on October 25, 1970, police officers went to appellant's apartment at 1910 Nueces in the City of Austin and executed a search warrant. The search revealed a brown paper bag containing marihuana on a shelf in the living room and a "roach" in an ashtray between two mattresses on the floor. Syringes, pipes, barbiturates, LSD, and other items were also recovered. The appellant, who had "needle tracks" on her arm, and her three companions were arrested.

In her sole ground of error, the appellant contends the "trial court erred in admitting the seized narcotics into evidence inasmuch as they were seized pursuant to the execution of a search warrant based upon an affidavit which failed to state probable cause."

It is appellant's claim that the search warrant affidavit fails to meet the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The relevant portion of the affidavit presented by Officer Baker to the magistrate who issued the warrant is as follows:

". . . on or about the 23rd day of October, A.D., 1970, affiant received information from a reliable, creditable informant that Linda Weatherby, white female, is keeping, using and selling narcotics, to wit marijuana from her residence at 1910 Nueces, Apt. 3, Austin, Travis County, Texas.

"Informant has been in the apartment within the past 48 hours and has seen Linda Weatherby use and sell marijuana.

"Informant further states that the marijuana is normally kept in paper bag on floor by coffee table.

"Although I do not desire to name my informant and he has not given information in the past, his reliability and creditability [sic] have been established by the fact that he is gainfully employed and is well thought of by the people in the community in which he lives. Further, he has no criminal record with this department or with the Department of Public Safety. Members of this detail have maintained surveillance at above location and have seen numerous hippy type subjects go to front door, enter and stay from 3 to 5 minutes and leave."

█ In determining the sufficiency of such affidavit to reflect probable cause for the issuance of the search warrant, this court is bound by the four corners thereof. Article I § 9, Texas Constitution, Vernon's Ann.St.; Article 18.01, Vernon's Ann.C. C.P.; McLennan v. State, 109 Tex.Cr.R. 83, 3 S.W.2d 447, 448 (Tex.Cr.App.1928); Hall v. State, 394 S.W.2d 659 (Tex.Cr. App.1965); Gaston v. State, 440 S.W.2d 297 (Tex.Cr.App.1969) (concurring opin-

ion); Ruiz v. State, 457 S.W.2d 894 (Tex. Cr.App.1970) (concurring opinion).

In Aguilar v. Texas, supra, the Supreme Court wrote:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, [78 A.L.R.2d 233,] the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, [11 L.Ed.2d 887,] was 'credible' or his information 'reliable.'" 378 U.S. at 114, 84 S.Ct. at 1514.

■ In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the above stated rule was referred to as "Aguilar's two-pronged test." It is clear from this rule that underlying circumstances of both the informant's conclusion of guilt and the affiant's conclusion that the informer is reliable must be put forth before the reviewing magistrate.

■ The affidavit reveals that it is sufficient to satisfy the first prong of the Aguilar test. The informer stated that he had been in the apartment within the last 48 hours and had seen the appellant sell and use marihuana. Further, he revealed where the marihuana was normally kept and the type of container. Such information appears to have come from the personal knowledge of the informer and his observations.

Thus, we are left with the question of whether or not the second prong of the Aguilar test is satisfied, particularly since the unidentified informant was of previously untested reliability.

Only recently this court has been confronted with questions of the sufficiency of underlying circumstances to sustain the second prong of the Aguilar test where the informant was a "first time informer." Adair and Via v. State, 482 S.W.2d 247 (Tex.Cr.App.1972, No. 43,666), Yantis v. State, 476 S.W.2d 24 (Tex.Cr.App.1972). See, also, United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

In Adair and Via v. State, supra, it was observed that the absence of an allegation of prior reliability is not, ipso facto, a fatal defect in the affidavit. In such case, after some discussion of the problem of the first-time informant, the court held that, although no model, the following were sufficient underlying circumstances to sustain the second prong of the Aguilar test where a first-time informer was involved.

". . . Although the informant has not given information in the past, their [sic] reliability, and credibility has been established by the fact of their [sic] lack of a criminal record, the reputation in the neighborhood, and are [sic] well thought of by their [sic] fellow associates." Adair and Via v. State, 482 S.W.2d 247 (Tex.Cr.App.1972, No. 43,-666).

Likewise, in Yantis v. State, supra, the following underlying circumstances were held sufficient to satisfy the so-called second prong where a first-time informant was involved:

". . . 'Though the informant has not given information in the past, the credibility and reliability has been established by his excellent reputation in the neighborhood in which he resides, the lack of a criminal record and his continuous gainful employment.'" 476 S.W.2d at 27.

If the foregoing were sufficient underlying circumstances, it would appear that those in the instant affidavit are also suf-

ficient for the reasons discussed in *Yantis* and *Adair and Via.*

The State urges that the affidavit is not based entirely upon hearsay, but is supported by independent corroboration. Attention is called to the fact that the affidavit reveals that "members of this detail" had set up a surveillance and observed "hippy type subjects" entering and leaving the apartment within the span of a few minutes. This added little in the form of independent corroboration. See Baker v. State, 478 S.W.2d 445 (Tex.Cr.App.1972). We need not consider the same in reaching the conclusion that the affidavit was sufficient.

Appellant points out that Officer Baker (the affiant) testified on the motion to suppress that he had received his information from the first-time unidentified informant over the telephone; that he subsequently checked the place of employment given by the informant; checked to see if the name given had either a local or a state-wide criminal record, etc., but he "accepted without question that the person with whom he spoke was the person whose name was given." He contends the "named person could have been contacted personally to verify that he was, indeed, the person who had called earlier" and that this "could have been done by calling him on the job or at the home address listed in the telephone directory."

While the same would certainly have been better police practice, under the circumstances, we must assess probable cause from the four corners of the affidavit presented to the magistrate. And, it is well settled "that a court will not look behind the allegations of an affidavit for the issuance of a search warrant." Brown v. State, 437 S.W.2d 828 (Tex.Cr.App.1968); Hernandez v. State, 158 Tex.Cr.R. 296, 255 S.W.2d 219 (1953).

Finding no reversible error, the judgment is affirmed.