George COOK, Appellant,

v.

The STATE of Texas, Appellee.

Brandon KNOX, Appellant,

v.

The STATE of Texas, Appellee.

Dwayne KNOX, Appellant,

v.

The STATE of Texas, Appellee.

Fay KNOX, Appellant,

v.

The STATE of Texas, Appellee.

Donna J. SCHULTZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46519 thru 46523.

Court of Criminal Appeals of Texas.

July 17, 1973.

Clayton & Sager, Austin, for appellants.

Robert O. Smith, Dist. Atty., Larry Laden, Asst. Dist. Atty., Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellants George Cook, Brandon Knox, Dwayne Knox, Fay Knox, and Donna J. Schultz were jointly charged by indictment with unlawfully possessing a narcotic drug, to-wit, marihuana. Each waived a jury, plead not guilty, and was tried before the court in a joint trial. Each was found

guilty, and the punishment of each appellant was assessed at two years, probated.

On November 29, 1971, officers of the Austin Police Department executed a search warrant at the residence located at 105 East 31st Street in Austin. Marihuana was found in the possession of the occupants, appellants herein, and the appellants were placed under arrest.

In their sole ground of error, appellants contend that "the trial court erred in admitting over objection the evidence seized under the search warrant executed in this case."

It is appellants' claim that the search warrant fails to meet the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, in that (1) the affidavit did not set out probable cause and was on its face too ambiguous and vague to satisfy constitutional requirements, and (2) that the affidavit fails to set out enough facts to ascertain the credibility of the informant or the reliability of his information.

The relevant portion of the affidavit presented by Officer Al Hersom to the magistrate reads as follows:

"ON OR ABOUT THE 27 DAY OF NOVEMBER, A.D., 1971, AFFIANT RECEIVED INFORMATION FROM A RELIABLE AND CREDIBLE SOURCE THAT DWAYNE KNOX, GRAHAM AND JEANIE AND OTHERS ARE ALL IN POSSESSION OF NARCOTICS TO–WIT MARIJUANA AT THEIR RESIDENCE LOCATED AT 105 EAST 31ST, AUSTIN, TEXAS. MY SOURCE HAS BEEN PRESENT WITHIN THE PAST 24 HOURS AND SAW GRAHAM ROLL; JEANIE AND SEVERAL OTHERS CONSUME MARIJUANA IN MY SOURCE'S PRESENCE. THE MARIJUANA IS KEPT IN A WOODEN BOX IN ONE OF THE BACK ROOMS, UNDER A SPOOL TABLE IN THE FRONT ROOM, AND IN

THE VEHICLES, BLW 190, VALIANT, SEDAN, 1E 4664 YELLOW VAN AND A VEHICLE OLD MODEL BEARING LA. LICENSE, DARK COLOR, THESE VEHICLES PARKED IN FRONT OF THE HOUSE. DWAYNE KNOX IS KNOWN TO MEMBER OF THIS DETAIL AS BEING A USER OF DRUGS AND ALSO IS PURPORTED TO BE A POLITICAL ACTIVIST. SURVEILLANCE OF THE HOUSE CONDUCTED BY THIS AFFIANT, 9:30–11:30 AM AND 1:30–2 PM 11–26–71 SEVERAL PERSONS SEEN BUT UNKNOWN TO AFFIANT. MY SOURCE DOES NOT HAVE A CRIMINAL RECORD AND IS HIGHLY THOUGHT OF BY THOSE ASSOCIATES CONTACTED. MY SOURCE IS GAINFULLY EMPLOYED IN A LAWFUL LAW ABIDING OCCUPATION AND FOR THESE REASONS I DO NOT DESIRE TO NAME MY SOURCE. MY SOURCE HAS NOT GIVEN INFORMATION IN THE PAST, HOWEVER MY SOURCE HAS PASSED ALL REQUIREMENTS OF RELIABLITY IN THIS OFFICER'S ESTIMATION."

■ In determining the sufficiency of such affidavit to reflect probable cause for the issuance of the search warrant, this Court is bound by the four corners thereof. Wetherby v. State, Tex.Cr.App., 482 S.W. 2d 852; Adair v. State, Tex.Cr.App., 482 S.W.2d 247.

In Aguilar v. Texas, supra, the United States Supreme Court stated:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 [78 A. L.R.2d 233], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the

underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825 [11 L.Ed.2d 887], was 'credible' or his information 'reliable'." 378 U.S. at 114, 84 S.Ct. at 1514.

This rule was referred to as "Aguilar's two-pronged test" in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637.

■ The affidavit reveals that it does satisfy the first prong of *Aguilar* and is neither ambiguous nor vague. The informer stated that he had been in the apartment within the past 24 hours, and had seen marihuana consumed by some of the appellants in his presence. He revealed where the marihuana was located, and the type of the container. One of the occupants of the house was a known user of drugs. All of this information was stated in the affidavit. Thus, the magistrate was informed of sufficient underlying circumstances from which the informant concluded that the marihuana was where he claimed it was. See Wetherby v. State, Tex.Cr. App., 482 S.W.2d 852. Thus as in *Wetherby*, supra, we are left with determining whether the second prong of the Aguilar test; i.e., the credibility and reliability of the informer, is satisfied, particularly, as in *Wetherby*, the informer was of previously untested reliability.

■ In *Wetherby*, supra, this Court was called upon to pass on the sufficiency of a search warrant very similar to that in the instant case. The relevant portion read as follows:

" '. . . on or about the 23rd day of October, A.D., 1970, affiant received information from a reliable, creditable informant that Linda Weatherby, white female, is keeping, using and selling narcotics, to wit marijuana from her residence at 1910 Nueces, Apt. 3, Austin, Travis County, Texas.

" 'Informant has been in the apartment within the past 48 hours and has seen Linda Weatherby use and sell marijuana.

" 'Informant further states that the marijuana is normally kept in paper bag on floor by coffee table.

" 'Although I do not desire to name my informant and he has not given information in the past his reliability and creditability [sic] have been established by the fact that he is gainfully employed and is well thought of by the people in the community in which he lives. Further, he has no criminal record with this department or with the Department of Public Safety. Members of this detail have maintained surveillance at above location and have seen numerous hippy type subjects go to front door, enter and stay from 3 to 5 minutes and leave.' "

This Court, after a full discussion, upheld this search warrant as satisfying both of the prongs of *Aguilar*. We quote the following from the opinion:

"In Adair and Via v. State, supra, it was observed that the absence of an allegation of prior reliability is not ipso facto, a fatal defect in the affidavit. In such case, after some discussion of the problem of the first-time informant, the court held that, although no model, the following were sufficient underlying circumstances to sustain the second prong of the Aguilar test where a first-time informer was involved.

" '. . . Although the informant has not given information in the past, their [sic] reliability, and credibility has been established by the fact of their [sic] lack of a criminal record, the reputation in the neighborhood, and are [sic] well thought of by their [sic] fellow associates.' Adair and Via v. State, 482 S. W.2d 247 (Tex.Cr.App.1972, No. 43,666).

"Likewise, in Yantis v. State, supra [Tex.Cr.App., 476 S.W.2d 24], the fol-

lowing underlying circumstances were held sufficient to satisfy the so-called second prong where a first-time informant was involved:

" ' . . . "Though the informant has not given information in the past, the credibility and reliability has been established by his excellent reputation in the neighborhood in which he resides, the lack of a criminal record and his continuous gainful employment." ' 476 S.W.2d at 27."

For the reasons discussed in *Wetherby, Adair,* and *Yantis, supra,* we hold that the underlying circumstances showing credibility of the informer and the reliability of his information are sufficient to satisfy the second prong of the Aguilar test.

The ground of error is overruled.

The judgments are affirmed.

Opinion approved by the Court.