Taylor SESSIONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46517.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty. Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The appeal is from a conviction of possession of a narcotic drug, to-wit, heroin. The punishment was assessed by the court at fifty (50) years.

On February 15, 1971, officers of the Dallas Police Department executed a search warrant at the BIG D APARTMENTS, number 206, located at 2707 Gould Street in Dallas. As a result of the search of the apartment, the officers found various types of narcotics, dangerous drugs and narcotic paraphernalia, including a plastic bag containing 103 capsules of heroin, syringes, needles and tie-off rags. In

addition three capsules of heroin were found on the floor next to the chair in which appellant was sitting when he was arrested.

The sufficiency of the evidence is not challenged.

Appellant contends in his first ground of error "that the trial court committed reversible error in allowing to be admitted before the jury for consideration the physical evidence secured at the BIG D APARTMENTS as a result of a search warrant issued based upon an affidavit filed by members of the Dallas Police Department."

It is appellant's claim that the printed form recitation to the effect that the informant was known to be reliable, credible and a trustworthy person contained in the warrant affidavit does not conform with the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, because the fact that the recitation was printed forecloses the possibility that the reliability of the informant was investigated by the magistrate prior to the issuance of the warrant.

The relevant portion of the affidavit presented by Officer C. R. Hemby to the magistrate reads as follows:

"MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"I have been informed of the foregoing set out facts by a person, who I know to be reliable, credible and trustworthy, who states the following facts:[1]

"That I, the affiant have received information in the past twelve hours from a confidential informant that Lola Faye Johnson has a quantity of heroin concealed in her apartment at 2707 Gould Street, apartment 206. The informant has been inside this apartment in the past twelve hours and has seen Lola Johnson with the heroin. The informant also states there is another colored female and a colored male that was inside the apartment and they were also in possession of heroin. The informant states while he was inside the apartment at 2707 Gould Street, apartment 206, he observed Lola Faye Johnson remove a bottle from her bra containing several capsules of heroin and sell it to a colored male that had come to this apartment. The informant observed the colored male that was in the apartment take a plastic wrapper from his pocket and remove three capsules of heroin and sell them to another unknown colored male who had come to the apartment to buy heroin. The informant states that the capsules of heroin were sold for seven dollars a capsule. The informant knows Lola Faye Johnson to be a user and a dealer of Heroin.

"The affiant has received information regarding narcotics users and dealers from this informant many times in the past and the information has always been true and correct. The affiant knows this informant to be a reliable, credible and a trustworthy person."[2]

■ In determining the sufficiency of such affidavit to reflect probable cause for the issuance of the search warrant, this Court is bound by the four corners thereof. Wetherby v. State, Tex.Cr.App., 482 S.W. 2d 852; Adair v. State, Tex.Cr.App., 482 S.W.2d 247; Cook v. State, 497 S.W.2d 295 (1973).

■ The affidavit states that the informant had been inside the apartment within the past 12 hours and had seen Lola Faye Johnson selling capsules of heroin to others. Thus, the personal knowledge of the informant, the first prong of *Aguilar,* supra, has been satisfied and is not contested by appellant.

---

1. The printed recitation complained of by appellant.

2. The unprinted, typewritten portion of the affidavit.

■ Appellant's complaint involves the second prong of *Aguilar,* the credibility and reliability of the informer relied on by the affiant. This is not a case where the informant has not given information in the past but rather a case in which the informant's information has previously been true and correct. Cf. Wetherby v. State, Tex.Cr.App., 482 S.W.2d 852; Yantis v. State, Tex.Cr.App., 476 S.W.2d 24; Cook v. State, 497 S.W.2d 295 (1973).

While the use of form affidavits was criticized in Brown v. State, Tex.Cr.App., 437 S.W.2d 828, the record reflects the affidavit in this case was not a model affidavit which was copied in haec verba (except for names, dates and places) in other cases. The actual affidavit, as opposed to the printed recitation, was set out in the blanks of a printed form entitled "Affidavit for Search Warrant for Narcotics and Dangerous Drugs." As can be seen in the last paragraph in the aforementioned affidavit, Officer Hemby, the affiant, swore as follows:

> "The affiant has received information regarding narcotics users and dealers from this informant many times in the past and the information has always been true and correct. The affiant knows this informant to be a reliable, credible and trustworthy person."

We hold that this oath satisfied the underlying circumstances as to the credibility of the informer and the reliability of his information and is sufficient to satisfy the second prong of the Aguilar test. Gonzales v. Beto, 425 F.2d 963, 968 (5th Cir. 1970); Hegdal v. State, Tex.Cr.App., 488 S.W.2d 782.

The printed form recitation was a mere convenience for the affiant and does not foreclose the possibility of a thorough review of the affidavit by a magistrate. Although not an issue in the case, an affidavit containing the same printed recitation was approved in Ware v. State, Tex.Cr. App., 467 S.W.2d 256. See also Gonzales v. Beto, supra, at p. 972.

Appellant's first ground of error is overruled.

■ In his second ground of error appellant complains of the trial court's refusal to require that the identity of the confidential informant be revealed.

Appellant contends that if the identity of the informant had been disclosed he would have been able to establish whether or not appellant was present at the apartment at the same time that the informant was present. Appellant argues further that if it were shown by examination of the informant that appellant was not present at that time it would lend credence to the fact that appellant "merely came into the apartment prior to the search and was not actually in possession of narcotic drugs and paraphernalia located in the apartment."

The record contains the following information about the informant in the instant case: Informant (1) was a male, (2) did not use narcotic drugs, (3) was not on probation, (4) did not receive any money for his information, (5) was not a police agent and did not attempt to transact a sale or purchase any contraband from anybody in the apartment, (6) was present in the apartment about an hour and a half before the search of the premises and the arrest of appellant.

The speculation as to the fact of when appellant arrived at the apartment prior to his arrest is not material. Included in the court's charge was a definition of possession; the jury found appellant guilty; and the sufficiency of the evidence is not challenged.

The record does not reflect that the informant participated in the offense for which appellant was on trial, nor that he was a material witness to the transaction, nor a material witness as to whether or not the accused knowingly committed the crime. In view of the record the appellant was not entitled to know the identity of the informant mentioned in the search warrant. Yantis v. State, Tex.Cr.App., 476

S.W.2d 24; Ware v. State, Tex.Cr.App., 467 S.W.2d 256; Albitez v. State, Tex.Cr. App., 461 S.W.2d 609. The facts do not fall within the doctrine of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639 (1957); and James v. State, Tex.Cr.App., 493 S.W.2d 201, does not apply.

Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.