Felix V. CARVAJAL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50156, 50157.

Court of Criminal Appeals of Texas.

Nov. 12, 1975.

M. M. Pena, Jr., San Antonio, (Court appointed), for appellant.

Ted Butler, Dist. Atty., and Lucien Campbell, Keith W. Burris, Donald A. Clowe and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's

Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

In No. 50,156 appellant was convicted of possession of marihuana. In No. 50,157 he was convicted of aggravated assault with a deadly weapon. Punishment was enhanced in each cause under V.T.C.A.Penal Code, Sec. 12.42(d), to life imprisonment.

The record reflects that police officers under the authority of a search warrant entered and searched a motel room where the appellant and two others were present. When the officers entered the room, appellant ran into the bathroom with two of the officers in pursuit. He pulled a gun from his pants and pointed it at one of the officers, but during the ensuing struggle the gun fell to the floor and appellant was subdued.

In the first ground of error, appellant complains that the trial court erred in overruling his motion to suppress the marihuana found in the motel room. He contends that the search warrant that authorized the entry and search was invalid. The relevant portion of the affidavit presented to the magistrate in support of the warrant states as follows:

"Affiant did on the 6th day of January, 1974, receive information from a reliable and credible person, whose credibility has been established by lack of any criminal record, and the fact that he enjoys a good reputation among his associates and in the community, that he, the said reliable and credible person, did on the 6th day of January, 1974, see a controlled substance, to-wit: Marijuana, unlawfully possessed by the aforesaid White male, approximately 40 years of age, 5' 10" tall, medium build, black hair, red faced, whose name is not known, at the above described premises."

█ In determining the sufficiency of the affidavit to support a search warrant, we are of course bound by the four corners thereof. Art. I, Sec. 9, Tex.Const.; Art. 18.01, V.A.C.C.P.; *Abercrombie and Dean v. State,* Tex.Cr.App., 528 S.W.2d 578 (1975) (Opinion on State's Motion for Rehearing); *Cook v. State,* Tex.Cr.App., 497 S.W.2d 295.

In *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court established a two-prong test for the validity of a search warrant on an affidavit founded upon hearsay information, like the warrant in the instant case. The magistrate must be informed first "of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were" and, second, of "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was 'credible' or his information 'reliable.' " 378 U.S. at 114, 84 S.Ct. at 1514.

Here, the sufficiency of the affidavit to satisfy the first part of the *Aguilar* test is not contested. The informant stated that he actually saw marihuana in the motel room.

The ground of error focuses upon the second prong of the *Aguilar* test. The affidavit furnished the magistrate with three circumstances from which the magistrate could conclude that the informant was credible and his information reliable: (1) the informant had no criminal record; (2) he enjoyed "a good reputation among his associates and [(3)] in the community."

█ An affidavit for a search warrant should be read as a whole in a common sense and realistic manner. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Caution should be exercised in comparing the details provided in one affidavit with those of another, lest judicial consideration of whether important, constitutionally protected interests have been violated becomes an arid and mechanistic exercise.

Nevertheless, we have reviewed the cases in this area of the law, focusing upon *Caldarera v. State*, Tex.Cr.App., 504 S.W.2d 914; *Cook v. State*, Tex.Cr.App., 497 S.W.2d 295; *Wetherby v. State*, Tex.Cr.App., 482 S.W.2d 852; *Adair v. State*, Tex.Cr.App., 482 S.W.2d 247; and *Yantis v. State*, Tex. Cr.App., 476 S.W.2d 24. It is apparent that the affidavit in the instant case states fewer underlying circumstances than those stated in the affidavits found sufficient in *Cook*, *Wetherby*, and *Yantis*. On the other hand, it provides more information than the supporting affidavit held invalid in *Caldarera*. In that case, the affidavit stated only that the informant had no criminal record. Here, the affidavit contains, in addition to that statement, an averment of good reputation.

Let us, then, compare the affidavit in the instant case with that held sufficient in *Adair v. State*, supra. The relevant portion of the affidavit there stated as follows:

"[A]lthough the informant has not given information in the past, their [sic] reliability, and credibility has been established by the fact of their [sic] lack of criminal record, the reputation in the neighborhood, and are [sic] well thought of by their [sic] fellow associates."

We reiterate our suggestion in *Adair*, 482 S.W.2d at 253 n. 2, and our statement in *Caldarera*, 504 S.W.2d at 916, that the affidavit upheld in *Adair* "met the *minimal* requirement." (Emphasis added.)

A comparison of both affidavits reveals that the content of the affidavit in *Adair* in support of the second Aguilar requirement approximates the content of the affidavit here, except that in *Adair* it was additionally stated that the informant had never previously given information to the police. Does the statement import any more than admirable candor on the part of the police? We hold that it does not and moreover conclude that the statement was given no weight whatsoever in *Adair* in our determination that the warrant was valid. Concededly, the statement also necessarily implies

that the informant has never given false information in the past. But we believe that an affidavit averring such a fact furnishes no more usable information to the magistrate insofar as his determination of reliability of the present information is concerned than an affidavit that is wholly silent on the matter.

Accordingly, the affidavit in the instant case is substantially identical to that upheld in *Adair*. The first ground of error is overruled.

In the second ground of error, appellant contends that the evidence is insufficient to sustain the conviction for possession of marihuana. It is true that where the accused is not in exclusive control of the premises, the State is bound to show additional independent facts and circumstances that affirmatively connect him to contraband. Such facts must be sufficient to show both knowledge and control of the marihuana. *Bentley v. State*, Tex.Cr.App., 520 S.W.2d 390; *Barnes v. State*, Tex.Cr. App., 504 S.W.2d 450; *Wright v. State*, Tex.Cr.App., 500 S.W.2d 170.

Here, there were at least four such circumstances:

(1) Thirty-seven pounds of marihuana were found on the floor of the motel room.

(2) Appellant fled into the bathroom when the officers announced their purpose and effected entry into the room. Although flight is not sufficient alone to support a conviction, it is a circumstance that raises an inference of guilt. *Mitchell v. State*, Tex.Cr.App., 517 S.W.2d 282; *Vera v. State*, Tex.Cr.App., 499 S.W.2d 168; *Machado v. State*, Tex.Cr.App., 494 S.W.2d 859.

(3) A key to the room was found in the appellant's pants pocket.

(4) About one-half gram of loose marihuana was found in the pocket of appellant's coat, a discovery that also indicates guilt of the offense charged. *Powell v. State*, Tex.Cr.App., 502 S.W.2d 705. The combination of all the above evidence was

sufficient to support the conviction. The second ground of error is overruled.

■ The third ground of error challenges the sufficiency of the evidence to support the conviction for aggravated assault with a deadly weapon. Appellant argues that because his gun was loaded but not cocked and because it could not be fired before it was cocked, the gun was not a "deadly weapon" within the meaning of V.T.C.A.Penal Code, Sec. 22.02(a)(3). This contention is without merit. V.T.C.A.Penal Code, Sec. 1.07(a)(11)(A), specifically provides:

"(11) 'Deadly weapon' means:

(A) a firearm. . . ."

The evidence, which showed that appellant used a loaded gun intentionally and knowingly to threaten a police officer with imminent bodily harm, was sufficient to support the conviction. The ground of error is overruled.

■ In the fourth ground of error, appellant complains that the trial court erred in using the same two prior felony convictions to enhance his punishment in each cause, under the authority of V.T.C.A.Penal Code, Sec. 12.42(d), to confinement for life.

Under Article 63 of the old Penal Code, using the same two prior convictions to enhance punishment more than once is clearly error. That procedure was condemned in *Kinney v. State*, 45 Tex.Cr.R. 500, 70 S.W. 570, decided in 1904. See also the cases collected at 1 Branch's Ann.P.C. (2d ed.), sec. 698. Cf. *Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834; *Mooring v. State*, 158 Tex.Cr.R. 434, 256 S.W.2d 97; and *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93.

The trial judge recognized this fact and the State in its brief upon appeal concedes that the procedure employed would be error under prior law. The State contends, however, that Sec. 12.42(d) of the new Penal Code should be construed differently from the old Art. 63. The State relies largely on the opinion on Motion for Rehearing in

*Brown v. State*, 150 Tex.Cr.R. 386, 196 S.W.2d 819, 821.

Although *Brown* criticized the reasoning in *Kinney*, supra, the ultimate reason for affirming and following the rule remains valid. That reason was that "Inasmuch as the articles on the subject have been re-enacted by the legislature with a knowledge of the judicial construction given same, we would not at this time, under the general rule of construction, be justified in overruling the *Kinney* case and those which have followed it." *Brown v. State*, supra, at 821.

The language of Sec. 12.42(d) is similar to that of Art. 63. Thus, the Practice Commentary states as follows:

"Subsection (d) preserves prior Article 63 . . . And presumably, in the context of this and the following section, the old rules regulating use of prior convictions for enhancement will also apply. See *e. g., Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957); *Kinney v. State*, 79 S.W. 570 (Cr.App.1904)."

The State contends that the failure of the Legislature to prohibit the repeated use of the same prior convictions to enhance punishment manifests an intent that *Kinney* and its progeny be abandoned. It strikes us that the omission of any significant additional or different language in Sec. 12.42(d) cuts quite the other way. The Legislature was aware of the venerable *Kinney* rule, now seventy years old. The Legislature's silence on the question of multiple use for enhancement purposes of prior convictions must evidence a lack of dissatisfaction with established judicial construction of the statutes. A comparison of V.T.C.A.Penal Code, Sec. 1.05(a), and the old Art. 7 does not dissuade us from the soundness of this conclusion.

Accordingly, the two prior convictions were properly used to enhance punishment in the conviction for possession of marihuana in No. 50,156. The same convictions should not have been used to enhance punishment in the conviction for assault with a deadly weapon in No. 50,157. Therefore,

the latter cause must be remanded for proper assessment of punishment under V.T.C.A.Penal Code, Sec. 12.34.

■ Appellant has filed a pro se brief in this Court after submission of the case. Most of the points he argues are raised and fully discussed in his counsel's brief. He does assert one new ground of error: that the trial court erred in overruling his pretrial motion to disclose the identity of the informant in violation of his federally protected constitutional rights. The issue has been examined in the interest of justice. Art. 40.09(13), V.A.C.C.P. The record reflects that the informant's involvement and knowledge of this case did not even remotely approach that of the informants in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) or *James v. State*, Tex.Cr.App., 493 S.W.2d 201. The contention is without merit.

The judgment in No. 50,156 is affirmed.

The punishment in No. 50,157 having been assessed by the court, the judgment of conviction is affirmed and the cause is remanded for assessment of punishment in compliance with our holding herein. It is so ordered.

DOUGLAS, J., not participating.