**William Charles BUGBEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59133.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 30, 1980.

Terrell William Proctor, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Lupe Salinas, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for possession of a short-barrel firearm, pursuant to V.T.C.A. Penal Code, Section 46.-06(a)(3). Trial was to the court; punishment was assessed at imprisonment for five years, probated.

■ Appellant urges among other things that the evidence is insufficient to sustain the conviction. We agree.

The indictment in this case alleged that appellant

. . . intentionally and knowingly possess[ed] a short-barrel firearm with a barrel less than eighteen inches. . . .

The type of firearm possessed is not alleged in the indictment; however, it is clear from the following provision of the Penal Code that the State was alleging possession of a short-barrel shotgun:

> "Short-barrel firearm" means a rifle with a barrel length of less than 16 inches *or a shotgun with a barrel length of less than 18 inches*, or any weapon made from a shotgun or rifle if, as altered, it has an overall length of less than 26 inches. [Emphasis added]

V.T.C.A. Penal Code, Section 46.01(10). Moreover, the evidence showed that the alleged firearm was a sawed-off shotgun.

The circumstances of appellant's trial were somewhat unusual. Appellant had filed a pretrial motion to suppress evidence, urging that the warrant obtained to search appellant's house was based upon an affidavit that contained falsehoods and did not give the magistrate probable cause to issue the warrant. There was a lengthy hearing on the motion to suppress, during which Houston police officer George Machado testified regarding the search and seizure. At the conclusion of the hearing the court denied the motion to suppress.

Some months thereafter the trial on the merits was held. Appellant pleaded not guilty to the court, and both parties stipulated to the truth of the evidence that had been presented at the hearing on the motion to suppress. The court admitted that evidence. After a second stipulation (concerning a matter that does not affect the sufficiency of the evidence) both parties rested their cases. This was all the evidence admitted at trial.

At the hearing on the motion to suppress Officer Machado testified only that a .410 sawed-off shotgun was seized. The return on the search warrant recited that one .410 sawed-off shotgun, number 128298, was seized. The weapon itself was not admitted in evidence. There was no evidence that the barrel of the shotgun was less than 18 inches long, as alleged in the indictment, and as required by the definition of "short-barreled firearm" in Section 46.01(10), supra. The State failed to prove up the allegations of the indictment, and also failed to prove that appellant possessed a short-barreled firearm in violation of Section 46.06, supra. The evidence is insufficient to sustain appellant's conviction.

 *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), prohibit further prosecution for this offense.

The judgment is reversed and the court is directed to enter a verdict of acquittal in this cause.

ROBERTS, J., not participating.