Donald James OLEVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 81 015 CR.

Court of Appeals of Texas, Beaumont.

Nov. 25, 1981.

James A. DeLee, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

KEITH, Justice.

Appellant was jointly indicted with Dwight Joseph Edwards with aggravated assault by the use of a handgun under *V.T.C.A., Penal Code, Sec. 22.02(a)(4)*. Although we find no severance in our record, appellant went to trial alone on his plea of not guilty; but, the jury disagreed and found him guilty and assessed his punishment at confinement for two years.

The sole ground of error challenges the sufficiency of the evidence to sustain the conviction. Appellant did not testify nor did he offer any testimony in defense of the charge.

Two white male high school students, Jimmy Patsfield and Ken Hale, were riding around Port Arthur shortly before dusk. While stopped at a traffic signal, another car occupied by a group of black persons came alongside and began hurling insults at Patsfield and Hale. When the light changed, both cars drove off and soon the car of Patsfield and Hale was being followed by the other car. The chase continued for some time during which appellant was seen hanging out the right front window of the pursuing vehicle with his right arm pointed toward the fleeing vehicle.

Patsfield and Hale testified that they heard what sounded like shots which came from the pursuing car in which appellant was riding while hanging out of a window thereof. However, neither of the boys would testify that he saw a pistol in appellant's hand or had seen a flash of light indicating the firing of a gun.

Finally, Dwight Edwards, another occupant of the vehicle in which appellant was riding, was seen and identified as one who subsequently actually fired shots at Patsfield and his car at a time when both vehicles were stopped. Appellant apparently did not participate in this episode. The only shot which actually struck the complainant's car was from the gun when wielded by Edwards.

The trial court submitted the cause upon the "standard boiler plate language" of a circumstantial evidence charge. *Galvan v. State*, 598 S.W.2d 624, 628, on rehearing (Tex.Cr.App.1979). The parties are of scant assistance in our disposition of the cause since neither cites any authorities remotely in point.

■ In considering the contention, we follow the rule that the facts must be viewed in the light most favorable to the State. *Brasfield v. State*, 600 S.W.2d 288, 293 (Tex.Cr.App.1980).

But one of the fundamental rules governing the evaluation of the sufficiency of the circumstantial evidence to sustain a conviction is that enunciated in *Galvan v. State*, supra:

"Because of its very nature, circumstantial evidence, like direct evidence, must not only be probative and weighty enough to prove the essential elements of the offense charged but also it must exclude every reasonable doubt of the guilt of the accused." (598 S.W.2d at 627, on rehearing)

■ To establish the guilt of one charged with aggravated assault under *V.T.C.A., Penal Code, Sec. 22.02(a)(4)*, the State must prove (1) a person (2) intentionally or knowingly (3) threatens another with imminent bodily injury (4) by using a deadly weapon. A gun is a deadly weapon. *V.T.C.A., Penal Code, Sec. 1.07(a)(11)(A); Carvajal v. State*, 529 S.W.2d 517, 521 (Tex.Cr.App. 1975).

■ The appellant was jointly indicted with Edwards, but the charge did not sub-

mit the law of principals and State's counsel does not argue that the conviction may be sustained under such theory. See authorities discussed in *Galvan v. State*, supra. (598 S.W.2d at 628)

We are left then with evidence showing that several people were in an automobile and that the State's witnesses heard what they thought were shots being fired from that vehicle; but, the only person who was identified as having fired a shot was Edwards, not appellant.

Having reviewed the record under the appropriate standards, we are constrained to hold that the evidence is insufficient to sustain the conviction that appellant committed an aggravated assault as alleged in the indictment. While all of the circumstances shown may very well amount to proof of strong suspicion or probability that appellant committed the crime charged, the evidence does not exclude all other reasonable hypotheses except appellant's guilt.

For the failure of the evidence to meet the required burden of proof, the judgment is reversed. *Stogsdill v. State*, 552 S.W.2d 481, 487 (Tex.Cr.App.1977).

*Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), prohibit further prosecution for this offense. The judgment is reversed and the court is directed to enter a verdict of acquittal in this cause. *Bugbee v. State*, 593 S.W.2d 696, 697 (Tex.Cr.App. 1980).

Reversed and Remanded with instructions.

DIES, Chief Justice, dissenting.

With respect I dissent. I believe the State proved its case circumstantially. *Hooker v. State*, 621 S.W.2d 597 (Tex.Cr. App.1980) holds (at 601):

"In a circumstantial evidence case, the State need not present evidence excluding every conceivable hypothesis except that of defendant's guilt, it need only present evidence excluding every reasonable hypothesis." (Citing authorities)

Patsfield testified, "We took a left off Bluebonnet ... that's when they started shooting." Hale was understandably down in the car, and the driver, Patsfield, ducking "down in the seat because I didn't want to get shot." At the time the two heard the shots, it is uncontroverted appellant was the only one leaning out of the car, and he was pointing his arm towards the Patsfield car.