Roy Gene DAWSON, Appellant,

v.

The STATE of Texas, State.

No. 2–82–077–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 2, 1983.

Discretionary Review Refused April 27, 1983.

Jordan & O'Shaughnessy, and Timothy J. O'Shaughnessy, Weatherford, for appellant.

Mac Smith, Dist. Atty., and Dan Carney, Asst. Dist. Atty., Weatherford, for appellee.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

BURDOCK, Justice.

Roy Gene Dawson was convicted by a jury of the offense of burglary of a habitation. V.T.C.A. Penal Code, § 30.02. Dawson appeals the conviction and the ninety-nine (99) year sentence assessed by the jury.

We affirm.

Dawson complains that the trial court erred by (1) admitting certain items of physical evidence over his timely objection and (2) failing to grant a mistrial in response to his timely objection to the prosecutor's improper remarks during his closing argument in the punishment phase of the trial.

On December 15, 1981, complainant and her four year old daughter were returning from a shopping trip to their home in Spring Creek, Texas. As she pulled into her driveway, complainant observed a strange pickup truck parked in the driveway next to her house and a man and woman who appeared to be covering something in the back of the pickup with what complainant recognized as her bedspread. Complainant stopped her vehicle in the driveway.

The man and woman got into the truck and proceeded down the driveway and stopped beside complainant's vehicle. The man, later identified as Roy Gene Dawson, asked complainant for directions to Weatherford. Complainant pointed offering a direction and at the same time asked Dawson "What's in the back of the pickup?" At that point Dawson accelerated the truck and sped away striking complainant's vehicle in the process.

Complainant pursued the pickup. While in pursuit, the complainant observed the female companion begin to assist Dawson in steering the pickup. Dawson then leaned out the window of the truck, both arms and body, and fired a shotgun at complainant striking the windshield of her vehicle. Complainant continued in pursuit but at a greater distance, while at the same time trying to raise help on her C.B. radio and sounding her car horn to attract attention. After several miles, the pickup suddenly stopped in the road; complainant also stopped her vehicle. Suddenly the pickup made a U-turn and came directly at complainant's vehicle. Complainant and her daughter sat stationary. As the pickup

passed, Dawson, again hanging out the truck window, fired twice, hitting complainant's vehicle. Neither complainant nor her young daughter were injured by the gun fire. The pickup sped away. Complainant drove her disabled vehicle to a nearby residence and summoned help. Dawson was apprehended shortly thereafter on foot, without resistance by the Highway Patrol. Dawson's female companion was also apprehended a short time later in the pickup along with the items taken from complainant's home.

■ In his first ground of error, Dawson contends that the trial court erred in admitting in evidence three shot gun pellets over his timely objection that the State had failed to establish a proper chain of custody. We find no merit to Dawson's contention.

The record reveals that complainant's husband discovered a shotgun pellet in each of the two flat tires and one embedded in the windshield of the vehicle. Complainant's husband testified that he personally removed the three pellets while making repairs on the vehicle and retained care, custody and control over the three pellets until he brought them with him to court. He testified that he measured and weighed one; but the record is unclear as to whether he measured and weighed all three pellets. However, he did label each as to where he found it and was able to identify the pellets at trial as the same ones he removed from the tires and windshield of the vehicle.

The record reveals that complainant's vehicle, due to its disabled condition, remained unattended for a couple of days after the incident at the residence where complainant sought help before complainant's husband was able to retrieve it. Appellant argues that this break in the chain of custody renders the evidence inadmissible. We do not agree.

There is no evidence that the vehicle had been tampered with or altered, although there is evidence that some police officers examined the vehicle and took pictures of it during the two day span. Additionally, there is no evidence that the three pellets in question were tampered with or altered in any way. In fact, complainant's husband

testified that such had not occurred. Further the pellets are made of lead and not easily susceptible to being altered or tampered with. No error is shown. *Yantis v. State*, 476 S.W.2d 24 (Tex.Cr.App.1972).

Dawson next complains that the trial court erred by failing to grant a mistrial in response to his timely objection to an improper remark made by the prosecutor during closing argument of the punishment phase of the trial.

The record shows that the prosecutor argued:

> One point—and don't you ever forget it—We are one step away from Capital Murder right here. One step away.
>
> MR. O'SHAUGHNESSY: Objection, Your Honor. That has nothing to do with this case; and I object to it.
>
> THE COURT: Sustained.
>
> MR. O'SHAUGHNESSY: It is prejudicial. At this point, I move the Court for a Mistrial.
>
> THE COURT: The jury is instructed to disregard the Prosecutor's statement.
>
> And your Motion is denied.

■ The accepted procedure for objecting to a jury argument is to: 1) make an objection; 2) request an instruction to disregard if the objection is sustained; and 3) move for a mistrial if the instruction to disregard is not given. *Koller v. State*, 518 S.W.2d 373 (Tex.Cr.App.1975). The alleged error will be waived if counsel stops after the objection is sustained and doesn't ask for an instruction. *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974). In the instant case, Dawson waived error by failing to ask for an instruction before making his motion for mistrial. We note, however, that the trial court on its own volition instructed the jury to disregard the prosecutor's comment before overruling appellant's motion for mistrial.

Assuming arguendo that appellant had properly preserved error, we hold that the judge's prompt instruction to the jury to disregard the prosecutor's comment was sufficient to cure error, if any. *Todd v.*

*State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *Johnson v. State,* 583 S.W.2d 399, 408 (Tex. Cr.App.1979).

Dawson's second ground is overruled.

Though not a ground of error, this Court must, in the interest of justice, address the fact that the trial judge made an affirmative finding "that the defendant did use and exhibit a deadly weapon, to-wit: A firearm, in the commission of this offense."

In the recently decided opinions of *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Cr.App. 1982) and *Barecky v. State,* 639 S.W.2d 943 (Tex.Cr.App.1982), the Court of Criminal Appeals held that the affirmative finding as to whether a firearm was used or exhibited during the commission of an offense must be made by the jury when the jury is the trier of fact.

In the instance case, the jury found Dawson "guilty of the offense of burglary of a habitation, as charged in the indictment." The indictment charging burglary contains no mention of a deadly weapon. Neither does the court's charge. Thus the trial court entered its finding as to use of a deadly weapon in the absence of such an "affirmative finding" by the appropriate trier of fact.

■ The entry of the affirmative finding was made upon the judgment after appellant was found guilty and after the jury had assessed punishment at ninety-nine years. Probation was not available to appellant because the punishment assessed was over ten years. Therefore, the court's affirmative finding had no effect on the verdict of guilty, the punishment assessed or the failure to grant probation. This finding would only affect the amount of time appellant must serve before he is eligible for parole under V.A.C.C.P. art 42.12, § 15(b).

Since this Court has the same information for the reforming or correcting of the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be reformed and corrected on appeal. *Barecky v. State, supra.*

Accordingly, the judgment is reformed and corrected by deleting therefrom the following: "(The Court does hereby affirmatively find that the defendant did use and exhibit a deadly weapon, to-wit: A firearm, in the commission of this offense)."

As reformed, the judgment is affirmed.