**Mario PENA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–141–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 31, 1983.

Albert A. Pena, III, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J. and BISSETT and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a conviction for aggravated assault. Appellant, Mario Pena (Pena), pleaded guilty to the trial court and true to allegations that he had previously been convicted of a felony. Pursuant to a plea bargain, the court assessed punishment at five (5) years and appellant was sentenced to confinement in the Texas Department of Corrections for a term of not less than two (2) nor more than five (5) years. Pursuant to V.A.C.C.P., art. 44.02 (1979) appellant bases his appeal upon matters raised by his written "MOTION TO SET ASIDE THE INDICTMENT."

The case was substantially tried by stipulation and by a judicial confession signed and executed by appellant. Appellant judicially confessed knowingly and intentionally

threatening "Daniel Pulido with imminent bodily injury by pointing a handgun at Daniel Pulido and pulling the trigger of the handgun." Appellant further confessed to a prior felony conviction.

In two related grounds of error, appellant contends that the indictment and evidence are insufficient to show an aggravated assault because it was not alleged or proved that a deadly weapon was used. Additionally, appellant contends that the indictment is deficient in that it alleges a culpable mental state in describing the threat, but no culpable mental state in describing the pointing of the handgun.

> The indictment, in pertinent part, reads, "That Mario Pena hereinafter styled Defendant, on or about the 1st day of March, A.D. 1980, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally and knowingly threaten Daniel Pulido with imminent bodily injury by pointing a handgun at Daniel Pulido and pulling the trigger of the handgun...."

While we are aware of no case which explicitly holds that a handgun is a deadly weapon, there is ample authority for such a proposition.

Section 107(a)(11)(A) Tex.Penal Code Ann. (Vernon 1974) provides that a firearm is a deadly weapon. A gun has been held to be a deadly weapon. *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App.1975), cert. den. 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336. The same is true of a pistol. *Williams v. State,* 567 S.W.2d 507 (Tex.Cr.App.1978).

> V.A.C.C.P., art. 21.11 (1966) provides:
> "An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court,

on conviction, to pronounce the proper judgment; ...."

 We hold that a handgun is a deadly weapon within the meaning of § 22.-02(a)(4), Tex.Penal Code Ann. (Vernon Supp.1982). See *Olever v. State,* 626 S.W.2d 105 (Tex.App.—Beaumont, 1981, no d.r.).[1] Further, in an indictment for aggravated assault, there is no need to allege a second culpable mental state in the aggravating portion of the indictment. *Pass v. State,* 634 S.W.2d 857 (Tex.App.—San Antonio 1981, d.r. ref'd).

We have considered both of appellant's grounds of error and overrule the same. The evidence is sufficient to support the conviction. Judgment of the trial court is AFFIRMED.

---

1. While it is by no means controlling, we note that the Legislature has recognized that a handgun is a firearm. Tex.Penal Code Ann., § 46.01(5) (Vernon 1974).