Curtis Joseph **DELAHOUSSAYE,**
**Jr., Appellant,**

v.

The **STATE** of **Texas, Appellee.**

No. **09 84 189 CR.**

Court of Appeals of Texas,
Beaumont.

Sept. 5, 1985.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

This appeal is from a conviction for unlawful possession of a firearm by a felon. The indictment contained an enhancement paragraph alleging a prior felony conviction. The indictment stated Appellant possessed a handgun and that he had been convicted of aggravated robbery in 1978. A juried proceeding resulted in incarceration for 8 years. The gravamen of the offense was that Appellant had a handgun in a lounge. The lounge was a licensed premises where alcoholic beverages were served and consumed.

The Appellant argues three grounds of error. The first complains of admitting hearsay testimony that Appellant was in possession of a weapon. The statement of facts reveals that one Mr. Traylor, the proprietor of the Heat Wave Lounge, testified that he saw Appellant in possession of a pistol inside the Heat Wave. A police officer, Duncan, testified that the proprietor said the Appellant had a gun. It is clearly evident, however, that the State was not relying upon the testimony of Officer Duncan to prove that the Appellant was carrying a handgun in the Heat Wave Lounge. There was the direct testimony of the "eyeball" witness, Traylor.

Even so, we think that Traylor's statement was part of the "res gestae". A response and answer such as the one attacked here was not so prejudicial and harmful as to result in reversible error. *See Cleaver v. State*, 498 S.W.2d 945 (Tex. Crim.App.1973). Since the prosecution did not rely or base its case upon hearsay evidence—if it was hearsay—we find no reversible error. We are fully persuaded that this isolated response in view of the entirety of the record, was not so prejudicial as to require a reversal. *See Anderson v. State*, 486 S.W.2d 569 (Tex.Crim. App.1972). Ground of Error One is overruled.

Next, the Appellant has two grounds of error that he argues and briefs together. Appellant contends that the admission of the handgun and the bullet contained in the handgun before the jury was error, saying that a proper chain of custody had not been established and that the handgun and the bullet were not properly identified. We agree that it was an integral part of the State's case to prove that the Appellant was in possession of the handgun. The handgun was admitted into evidence after the testimony of Officer Duncan and another peace officer, Pachall. The peace officers testified before Traylor. Duncan testified that the weapon in question was given to him by Pachall. Pachall identified the same weapon as the one Traylor had delivered. Pachall swore that the weapon or pistol shown him as State Exhibit No. 5 was similar to the one he received from Traylor. Duncan further testified that he took possession of Exhibit 5, the handgun. He marked it and tagged it, placing it in the evidence locker. Duncan testified in detail that the identifying marks he made were along the strap, using his initials which were "G.T.D." Duncan unequivocally swore that it was the same handgun that he had received from Pachall.

Later in the trial, Traylor swore that the gun in question was similar and looked like the gun that the Appellant had in his possession—in his belt—in the Heat Wave. Traylor actually took the gun out of Appellant Delahoussaye's belt. Then the proprietor took the gun behind the bar. He called the police. The police arrived in about ten minutes. He *gave the same gun* to one of the officers.

The Appellant objected in part that the proper predicate concerning the handgun had not been laid. We hold that this

objection is too general to preserve reversible error. *See Williams v. State,* 596 S.W.2d 862 (Tex.Crim.App.1980). In *Williams,* the Court wrote at page 866:

"The tools were offered into evidence after Graves identified the tire tools in Exhibit Number One as the ones that he tagged that night. Appellant's counsel objected on the ground that the proper predicate had not been laid. This objection was too general to preserve error. See *Boss v. State,* 489 S.W.2d 582 (Tex. Cr.App.1973)...."

 The other objection was that there had not been a proper chain of custody established as to the handgun. Under the facts shown in this record we overrule this second objection. We have set out above the testimony of Officers Pachall, Duncan, and the proprietor. In brief summary, Pachall identified the handgun as similar and like the one given him by Traylor. Duncan swore he took that gun from Pachall. Duncan swore he made identifying marks. Duncan identified the handgun with the identifying marks as State's Exhibit 5. We hold the gun was admissible. By similar reasoning, the bullet taken from the pistol, being State's Exhibit No. 6, was also admissible. Both of these exhibits were delivered by Traylor. Traylor unequivocally testified that he took the handgun containing the bullet directly from the belt of Delahoussaye. There is no showing that the pistol or the bullet had been tampered with. *See Atkins v. State,* 515 S.W.2d 904 (Tex.Crim.App.1974).

Lastly, the Appellant argues in his brief that there is some sort of gap in the chain from Traylor back to the Appellant. We do not agree. We think the trial objection did not clearly inform the trial court of that precise issue. Hence, that objection was not sufficient to preserve error. *See Levingston v. State,* 651 S.W.2d 319 (Tex. App.—Dallas 1983, pet. ref'd). We affirm the judgment and sentence below.

AFFIRMED.