Theodore Patrick **ROBERTS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–87–277–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 10, 1987.

Discretionary Review Refused
March 30, 1988.

 

Jane Wynegar, Houston, for appellant.

John B. Holmes, Jr., Lynne W. Parsons, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an aggravated assault conviction. The jury rejected appellant's not guilty plea, and found he used a deadly weapon, a pistol, in the commission of the offense. The jury then found that the appellant had two prior felony convictions, and assessed punishment at confinement for a term of forty-five years. Issues on appeal concern the sufficiency of the evidence, testimony by a police officer, and certain rulings of the trial court. We affirm.

In the early morning of November 17, 1986, Houston police officers R.A. Parrott and G.R. Marchetti responded to a disturbance call. During their investigation, the officers saw the appellant, who matched the description of a suspect they had received. When hailed by the officers, the appellant responded by walking, and then running away. The officers followed in their patrol car. When the officers stopped and began to get out of their car, the

appellant turned and faced them. Both officers saw the appellant point a shiny object in their direction, heard a gunshot, and saw the muzzle flash of a gun. The officers took shelter in their car. The appellant fled, and the officers drove to the spot where the appellant had been standing. The officers left their car and pursued the appellant, eventually capturing him. A gun was found underneath the patrol car.

In his first point of error, the appellant contends there was insufficient evidence for an aggravated assault conviction. In reviewing a sufficiency of evidence claim, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The standard for review is the same for both direct and circumstantial evidence cases. *Sharp,* 707 S.W.2d at 614; *Houston v. State,* 663 S.W. 2d 455, 456 (Tex.Crim.App.1984).

■ Appellant contends that because neither Officer Parrott nor Officer Marchetti saw a gun in appellant's hands, the State's proof fails to exclude every reasonable hypothesis except the appellant's guilt. Appellant relies upon *Olever v. State,* 626 S.W.2d 105 (Tex.App.—Beaumont 1981, no pet.). However, the present case is distinguishable from *Olever.*

In *Olever,* while the State's witnesses thought they heard gunshots, they saw neither a gun nor a muzzle flash. In contrast, the present case contains ample direct evidence that appellant used a gun.

Both officers testified that the appellant pointed a shiny object at them. They heard a distinct gunshot and saw the simultaneous muzzle flash of a gun being fired. A gun with one spent round was found near the spot where the appellant had been standing. Moreover, the officers testified that appellant was running with his hands at his beltline before the shooting, but ran with his hands at his sides after the shoot-

ing. It is reasonable to infer that appellant dropped his gun at the same moment the officers were taking shelter in their patrol car. Thus, they did not see him discard the weapon, and drove over the spot where the appellant dropped the gun.

■ Appellant also alleges the negative results of the trace metal and nitrate tests, which were performed on his hands, indicate a lack of evidence that he committed the offense. However, testimony by the State's expert showed the negative results to be inconclusive at best. The gun was a plated revolver; it was unlikely that gunpowder particles and metal ions were left on the hand of the person who fired the gun. Furthermore, the appellant's hands were not "bagged" for testing until he was returned to the scene of the shooting. Any particles on his hands could have been removed during his flight from the police.

■ Additionally, the appellant contends the State failed to establish he committed aggravated assault, since it did not prove the appellant intentionally or knowingly threatened Officer Parrott with imminent bodily harm. The trier of fact may infer specific intent from the facts in evidence. *Godsey v. State,* 719 S.W.2d 578, 580–83 (Tex.Crim.App.1986); *Hall v. State,* 418 S.W.2d 810, 812 (Tex.Crim.App.1967). In *Godsey,* the appellant pointed a loaded revolver at several police officers. In *Hall,* the appellant shot twice at a police officer. These actions were held sufficient evidence of an intent to kill. In the present case, the appellant pointed and fired a gun at two police officers. These actions provided sufficient evidence from which a trier of fact could infer the requisite intent for aggravated assault.

After viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact would have found the essential elements of aggravated assault beyond a reasonable doubt. The appellant's first point of error is overruled.

Appellant's second point of error contends that the trial court erred by refusing to grant defense counsel's request for mis-

trial, after two witnesses gave hearsay testimony. Appellant objected to testimony from Officers Parrot and Marchetti that they were searching for a suspect who was reportedly armed. The court sustained appellant's objections and instructed the jury to disregard the statements.

The record shows that the officers' testimony was admitted not for its truth, but to establish the course of events and circumstances leading to the officers' approach to the appellant. Therefore, it was not hearsay. *Stewart v. State*, 640 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Furthermore, inadmissible evidence is rendered harmless if other evidence, proving the same fact, is admitted without objection. *Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App. 1986). As previously noted, there was ample evidence the appellant had a gun. However, the trial court elected to sustain the appellant's objections, and instructed the jury to disregard. Thus, any harm from the testimony was cured. Appellant's second point of error is overruled.

In his third point of error, appellant contends that three separate rulings by the trial court, individually or cumulatively, constituted reversible error. This claim is without merit.

In its first ruling, the court sustained the State's objection to appellant's question to the police officer who performed the trace metal and nitrate tests on the appellant.

Whether a witness offered as an expert possesses the required qualifications is a question for the trial court's discretion. The decision to admit or exclude proposed opinion testimony will not be disturbed absent a clear abuse of discretion. *Steve v. State*, 614 S.W.2d 137, 139 (Tex.Crim.App. [Panel Op.] 1981).

The officer testified he was not an expert, and was only qualified to perform the tests, not to analyze their results. The appellant asked the officer questions calling for opinions beyond his expertise. The State's objections were properly sustained. Furthermore, the State offered the very evidence appellant was seeking

through its own witness, the Houston Police Department chemist who supervised the tests. *Lopez v. State*, 628 S.W.2d 77, 79 (Tex.Crim.App. [Panel Op.] 1982).

Therefore, the appellant was not harmed by the court's ruling. Any error was cured by the admission of the evidence through an appropriate witness.

Appellant next complains that the trial court erred when it prevented a defense witness from stating an opinion or conclusion. The witness indicated that she was present when appellant confronted the officers, and saw the entire incident. She testified the police officers were "harassing" the appellant. The prosecutor objected, and the court instructed the jury to disregard the statement. Appellant claims the witness was only relating what she saw, and the court's ruling prejudiced the appellant's rights.

Whenever the jury is in possession of the same information as the witness, and can fully understand the matter and draw the proper inferences and conclusions, the witnesses' opinion testimony is unnecessary and inadmissible. *Steve*, 614 S.W.2d at 139. The defense witness related the facts underlying her opinion. Therefore, it was up to the jury to determine, without the aid of opinion testimony, whether the police officers were harassing the appellant. The trial court's ruling was correct.

Finally, the appellant complains that the same defense witness was not permitted to testify that appellant told the police officers he did not have a gun. Appellant contends the witnesses' statement was admissible as a present sense impression.

The evidence offered was hearsay in its purest form. A present sense impression is a statement made by a declarant while that person is perceiving an event or condition, or immediately thereafter. Tex.R. Crim.Evid. 803(1). Here, the defense witness was offering a statement made by the appellant for the truth of the matter asserted. As such, her testimony was inadmissible hearsay. The trial court properly sustained the State's objection, and in-

structed the jury to disregard. This is not a statement which could be properly admitted as part of the "res gestae". *Anderson v. State*, 454 S.W.2d 740, 741 (Tex.Crim. App.1970); *Delahoussaye v. State*, 697 S.W.2d 68, 69 (Tex.App.—Beaumont 1985, pet. ref'd). Furthermore, the defense witness offered direct, admissible testimony that she neither saw a gun nor heard a gunshot during appellant's encounter with the police. Appellant's third point of error is overruled.

The judgment is affirmed.