In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00397-CR
____________

MANUEL TREJO LUJAN, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 263rd District Court 
Harris County, Texas
Trial Court Cause No. 903883



MEMORANDUM OPINION
          A jury found appellant guilty of being a felon in possession of a firearm and
assessed punishment at 30 years’ confinement. We affirm.
Facts
          While in the restroom of a neighborhood taqueria, appellant put a gun to
Lenidas Leal’s head and asked for money. Leal said that he did not have any money,
left the restroom, and called the police. Houston Police Officer R. W. Mascheck
arrived at the scene and entered the restroom, where he encountered appellant. Leal,
who had entered the restroom after the officer, reached around appellant, retrieved a
gun from appellant’s waistband, and displayed it to the officer. The officer took the
gun and placed appellant under arrest. 
Opinion Testimony
          In his sole point of error, appellant contends that the trial court erred in
admitting the officer’s opinion testimony that “there was no doubt in his mind” that
appellant possessed a firearm.
          During the direct testimony of Officer Mascheck, the following exchange
occurred: 
[Officer]: Mr. Leal, who was behind me, was a whole lot closer than I
thought he was. Reached around to the side of me, to the defendant’s
waistband and into the waist area, and came out and displayed the gun. 
 
[The State]: Okay. Did you actually see him remove it from the
defendant’s waistband?
 
[Officer]: I saw him pull from the waist area. I couldn’t see that side,
it was hidden from my view. But I could see him go from his waistband
and pull the gun out.
 
. . . 
 
[The State]: And based on what you saw that day and all the
investigation you did on this particular scene, is there any doubt in your
mind that the defendant was possessing a firearm?
 
[Defense Counsel]: Judge, I’m going to object to that. It invades
the province of the Jury. It’s their decision whether he’s guilty of
this, not this officer’s.
 
The Court: It’s overruled.
 
[Officer]: Yes, sir, I felt like he had the gun.
          The officer testified that he saw Leal retrieve a gun from appellant’s waistband. 
The defense implied that Leal may have set up appellant, based on his “unusual”
behavior in trailing the officer into the restroom and removing the gun from appellant
himself. In his brief, appellant states, “Unfortunately, no one thought to ask the
officer whether he saw Leal’s empty hand moving towards appellant’s waistline
before he withdrew his hand with the gun in it.” He argues, therefore, that the officer
offered improper opinion testimony on the ultimate issue in the case. 
          The State did not qualify the officer as an expert witness. Instead, the officer
testified as a fact witness. Opinion testimony by lay witnesses is admissible if the
testimony is (1) rationally based on the perception of the witness and (2) helpful to
a clear understanding of the witness’s testimony or the determination of a fact issue. 
Tex. R. Evid. 701. 
          Appellant disputes the second requirement, arguing that the officer’s opinion
was not helpful to the jury to either understand the witness’s testimony or to
determine a fact in issue. He relies on Roberts v. State, 743 S.W.2d 708 (Tex.
App.—Houston [14th Dist.] 1987, pet. ref’d), in which the trial court prevented a
defense eye witness from stating her opinion that the police officers were “harassing”
the defendant. The court held, “Whenever the jury is in possession of the same
information as the witness, and can fully understand the matter and draw the proper
inferences and conclusions, the witnesses’ opinion testimony is unnecessary and
inadmissible.” Id. at 711. Because the witness related the facts underlying her
opinion, it was up to the jury to determine, without the aid of opinion testimony,
whether the police officers were harassing the defendant. Id. 
          The admissibility of evidence is within the discretion of the trial court and will
not be reversed absent an abuse of discretion. Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001). If evidence supports the trial court’s decision to admit
evidence, then this Court must defer to that decision. Id. While there is no bright line
indicating when opinion testimony is helpful to the trier of fact, general evidentiary
considerations of relevance and balancing will invariably assist the trial court in
making its determination. Fairow v. State, 943 S.W.2d 895, 900 (Tex. Crim. App.
1997). 
          Officer Mascheck testified, “I felt like he had the gun.” As is evident from the
record, this testimony was not of a scientific or technical nature. Rather, the officer
based his impression on what he saw, heard, and observed at the scene. See Osbourn
v. State, No. 2330-01, slip op. at 7-12 (Tex. Crim. App. Dec. 18, 2002). Based on his
personal observations, experience, and training, the officer’s clarification regarding
his level of certainty as to whether appellant possessed a gun was helpful to the jury
to either understand his testimony or to determine a fact in issue. See Tex. R. Evid.
701. Moreover, opinion testimony is not objectionable because it embraces an
ultimate issue to be decided by the trier of fact. Tex. R. Evid. 704. We hold that the
trial court did not abuse its discretion in admitting the officer’s testimony.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).