Affirmed and Memorandum Opinion filed July 21, 2005









Affirmed and Memorandum Opinion filed July 21, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00952-CR

____________

 

OMAR FELIPE
RAMIREZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 934,225

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted by a jury of
capital murder and sentenced to life imprisonment.  On appeal, appellant raises ten points of
error.  In his first two points of error,
appellant asserts that he was placed in double jeopardy and that the trial
court erred by prohibiting him from eliciting favorable testimony from an
arresting officer.  In his remaining
eight points of error, appellant challenges the legal and factual sufficiency
of the evidence to support his conviction as a principal, a party, or a conspirator.  We affirm.

 








Factual and Procedural Background

I.        Factual
Background

This case involves the shooting death of
Vien Ma, the complainant, during an aggravated robbery.  On December 
21, 2002, a Saturday morning, appellant and Roberto Fernandez entered
the complainant=s grocery store.  Both men came prepared; Fernandez had a gun
and appellant carried mace.[1]  The complainant and his wife were both
working that morning.  Video surveillance
footage captured the events that followed. 
After the men entered the complainant=s store, appellant
sprayed mace in the complainant=s wife=s face while
Fernandez attacked the complainant. 
Fernandez repeatedly hit the 
complainant with his gun before shooting him once in the abdomen.[2]  The complainant later died of this gunshot
wound.  After Fernandez shot the
complainant, appellant jumped over the counter and went through the cash
register area.[3]  Appellant and Fernandez then fled from the
store in a white van.








The complainant=s wife ran out of
the store, screaming for help.  A woman
who worked near the complainant=s store saw
appellant and Fernandez leave the store and then flee in the white van; the
woman called the Houston police, who eventually captured appellant and
Fernandez after they abandoned their van and attempted to escape on foot.  Fernandez was found with the complainant=s blood on his
clothing; however, police were unable to recover the gun or the mace the men
used.  Police officers also found several
thousand dollars of cash in appellant=s and Fernandez=s possession, as
well as in the van.[4]

Once arrested, appellant made numerous
statements to the officers and later gave an audiotaped statement.  In his initial statements to police,
appellant incriminated himself in the robbery, but also expressed his anger
with Fernandez.[5]  Later, in his audiotaped statement, appellant
claimed Fernandez had forced him to take part in the robbery.

II.       Procedural
Background

Although both appellant and Fernandez were
charged with the capital murder of the complainant, they were tried
separately.  Fernandez was tried
first.  His jury impliedly acquitted him
of capital murder by finding him guilty only of a lesser-included offense,
felony murder.  

Relying on Fernandez=s implied
acquittal of capital murder, appellant made an oral pre-trial motion asserting
that double jeopardy and collateral estoppel principles barred the State from
re-litigating whether appellant had the requisite intent to kill the
complainant.  He claimed this issue
already had been resolved favorably to Fernandez so that the State could not
relitigate it to obtain a different outcome in his trial.  The trial court denied this motion.

During the trial, appellant sought to
elicit testimony that, in the arresting officer=s opinion,
appellant was angry with Fernandez for shooting the complainant.  Appellant argued that this lay opinion
testimony would have shown that appellant did not intend for Fernandez to shoot
and kill the complainant.  The trial
judge did not permit this line of questioning.








The State never disputed that Fernandez,
not appellant, shot the complainant. 
Consequently, the jury=s charge
authorized appellant=s conviction either as a principal, a
party, or a conspirator. Ultimately, the jury found appellant guilty of capital
murder and assessed punishment at life imprisonment, to be served in the Texas
Department of Criminal Justice, Institutional Division.   Appellant brings ten points of error on
appeal, challenging the denial of his double jeopardy motion, the exclusion of
the officer=s testimony about his post-arrest
statements, and the legal and factual sufficiency of the evidence to support
his conviction.

Analysis

We initially address appellant=s legal and
factual sufficiency challenges.  

I.        Legal
and Factual Sufficiency Challenges

In eight issues, appellant challenges both
the legal and factual sufficiency of the evidence to support his
conviction.  In his third and fourth
issues, he contends the State failed to prove his guilt as the principal actor
because there is no evidence or insufficient evidence that he shot and killed
the complainant.  In his next four
issues, he contends the State  failed to
prove his guilt as a party because there is no evidence or insufficient
evidence: 1) that he intended for his co-defendant to cause the complainant=s death; or 2)
that he aided, assisted, or encouraged his co-defendant to cause the
complainant=s death. 
In his ninth and tenth issues, he contends there is no evidence or
insufficient evidence that he should have anticipated that the complainant
would be shot and killed. 

A.      Standards
of Review








We employ familiar standards of review to
resolve appellant=s legal and factual  sufficiency challenges.  In a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict to determine whether any
rational fact-finder could have found each element of the offense beyond a
reasonable doubt.  Clewis v. State,
922 S.W.2d 126, 132 (Tex. Crim. App. 1996) (en banc) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)); see also Sanders v. State, 119
S.W.3d 818, 820 (Tex. Crim. App. 2003). 
As an appellate court, we cannot substitute our judgment for that of the
jury and we defer to the jury=s determinations
on the weight and credibility of the evidence. 
See Clewis, 922 S.W.2d at 135 (stating appellate courts Aare not free to
reweigh the evidence and set aside a jury verdict merely because the judges
feel that a different result is more reasonable@).  

In a factual sufficiency challenge, we
view the evidence in a neutral light without the prism of the
light-most-favorable-to-the-verdict.  See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  The evidence is factually insufficient when a
jury could not rationally conclude appellant was guilty beyond a reasonable
doubt.  Id.  This can occur in two ways.  Id. at 484B85.  First, the evidence is factually insufficient
if the evidence that supports the verdict is too weak to support a finding
beyond a reasonable doubt.  Id. at
484.  Second, when the evidence that
supports the evidence is compared to the contrary evidence, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not
have been met.  Id. at 485.  Again, as an appellate court, we cannot
substitute our opinion for that of the jury, and we must defer to the jury=s determinations
on the weight and credibility of the evidence. 
See Clewis, 922 S.W.2d at 135. 
With the appropriate standards of review in mind, we now address
appellant=s legal and factual sufficiency
challenges.    

B.      Under
the law of parties, the State was not required to prove appellant shot and
killed the complainant.








First, we address appellant=s contention that
the evidence is legally and factually insufficient to support his guilt because
the State did not prove that he shot and killed the complainant.  A person commits capital murder if the person
intentionally and knowingly causes a person=s death in the
course of committing or attempting to commit a robbery.  Tex.
Penal Code ' 19.03(a)(2) (providing the offense of
capital murder is committed when a person commits murder, as defined in section
19.02(b)(1), in the course of or while attempting to commit robbery); id.
' 19.02(b)(1)
(providing the offense of murder is committed when a person intentionally or
knowingly causes the death of an individual). 
In making this contention, appellant ignores the fact that his jury was
appropriately instructed on the law of parties; in such a case, proof that
appellant actually caused the fatality is not necessary.  See Webb v. State, 760 S.W.2d 263, 269
(Tex. Crim. App. 1988) (en banc); Hammond v. State, 942 S.W.2d 703, 706
(Tex. App.CHouston [14th Dist.] 1997, no pet.) (AProof beyond a
reasonable doubt that appellant actually fired the fatal shot is not necessary
for a capital murder conviction where the jury is charged on the law of the
parties.@) (citing Rabbani
v. State, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992)).  Because appellant=s jury was
properly instructed on the law of parties and because, as we discuss below, the
jury rationally could have found him guilty beyond a reasonable doubt under the
law of parties, we overrule appellant=s third and fourth
issues.  See Hammond, 942 S.W.2d
at 706 (AThe principle is
well-established that when the jury returns a general verdict and the evidence
is sufficient to support a guilty finding under any of the allegations
submitted, the verdict will be upheld.@) (citing Rabbani,
847 S.W.2d at 558).

C.      The
evidence is legally and factually sufficient to prove appellant committed
capital murder as a party or a conspirator.








In appellant=s remaining six
challenges to the sufficiency of the evidence, he contends the State failed to
prove his guilt as a party or conspirator.[6]  A person is criminally responsible for an
offense if the offense is committed by his own conduct, the conduct of another
for which he is criminally responsible, or both.  Tex.
Penal Code ' 7.01(a). 
Under the law of parties, set forth in section 7.02(a)(2), appellant is
criminally responsible for Fernandez=s conduct if
appellant intended to promote or assist Fernandez=s murder of the
complainant, and appellant solicited, encouraged, directed, aided, or attempted
to aid Fernandez in committing the murder. 
See id. ' 7.02(a)(2).  Appellant can also be criminally responsible
as a conspirator for Fernandez=s conduct under
section 7.02(b).  This section provides
that, if the murder was committed in the attempt to carry out a conspiracy to
commit the robbery, then all conspirators are guilty of the murder, even if
they did not intend to commit murder, as long as the murder was committed in
furtherance of the robbery and should have been anticipated as a result of
carrying out the conspiracy to commit the robbery.  See id. ' 7.02(b).  Therefore, the jury could have convicted
appellant either as a party under section 7.02(a)(2), or as a conspirator under
section 7.02(b).

1.       Texas
Penal Code ' 7.02(a)(2) - Acting as a Party.

In his fifth and sixth issues, appellant
contends the State failed to introduce legally or factually sufficient evidence
to prove that he intended for Fernandez to cause the complainant=s death by
shooting him.  In his seventh and eighth
issues, appellant contends the State failed to introduce legally or factually
sufficient evidence to prove that he aided, assisted, or encouraged Fernandez
in causing the complainant=s death.  These complaints presuppose that the jury
found appellant guilty as a party under section 7.02(a)(2).  See Tex.
Penal Code ' 7.02(a)(2) (providing a person is
criminally responsible for another person=s conduct if the
person has the mental state required for the principal to be guilty of the
offense and the person solicits, encourages, directs, aids, or attempts to aid
the principal to commit the offense).








Appellant contends the evidence shows only
that he was participating in the robbery by distracting the complainant=s wife while
Fernandez shot the complainant. 
According to appellant, there is nothing in the record to suggest he desired
to see the complainant killed. 
Similarly, appellant contends the record does not show that he aided,
assisted, or encouraged Fernandez to shoot the complainant.  

To support appellant=s guilt under the
law of parties, the evidence needed to show that, at the time of the offense,
appellant and Fernandez were acting together, each contributing some part
towards the execution of their common purpose.  
Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  In determining the scope of appellant=s participation in
the complainant=s murder, and whether appellant intended
for Fernandez to murder the complainant, the jury was not limited to
considering which of the two men actually fired the fatal shot.   Instead, the jury properly could consider
the events occurring before, during, and after the commission of the offense,
and could rely on appellant=s actions and
other circumstantial evidence that demonstrated an understanding and common
scheme to commit the murder.  See
Salinas v. State, 163 S.W.3d 734, 739B40  (Tex. Crim. App.  2005) (citing Ransom, 920 S.W.2d at
302); Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004)
(stating jury could infer intent from circumstantial evidence); Hammond,
942 S.W.2d at 703; Moore v. State, 804 S.W.2d 165, 166 (Tex. App.CHouston [14th
Dist.] 1991, no pet.) (A[T]he jury may look to events occurring
before, during and after the offense and reliance may be placed on actions
which show an understanding and common design to engage in an act.@).  








The following evidence was introduced at
trial.  Appellant entered the complainant=s store with
Fernandez.  When the men entered the
complainant=s store, Fernandez carried a gun and
appellant had mace; both men arrived prepared to overcome resistance by
force.  Appellant sprayed what appeared
to be mace in the complainant=s wife=s face while
Fernandez severely beat, and eventually shot, the complainant with his
gun.  After Fernandez shot the
complainant, appellant took money from the cash register area, and both men
left the store together.  When police
tried to stop their vehicle, both men continued their flight on foot.  When viewed in the light most favorable to
the verdict, we conclude this evidence is legally sufficient for the jury to
rationally conclude beyond a reasonable doubt that appellant intended for
Fernandez to murder the complainant and that he aided, assisted, or encouraged
Fernandez to do so.  See Jackson,
443 U.S. at 319; Sanders, 119 S.W.3d at 820; Clewis, 922 S.W.2d
at 132.  Even when we view this evidence
in a neutral light, we cannot say that it is too weak to satisfy the
beyond-a-reasonable-doubt standard, nor is the contrary evidence so strong that
this standard could not have been met.  See
Zuniga, 144 S.W.3d at 484B85.  Therefore, we overrule appellant=s fifth, sixth,
seventh, and eighth issues. 

2.       Texas
Penal Code ' 7.02(b) - Acting as a Conspirator.

In appellant=s remaining two
sufficiency issues, he asserts the State failed to prove his guilt because
there is no evidence or factually insufficient evidence that he should
have anticipated that Fernandez would shoot and kill the complainant.  This complaint presupposes that the jury
found appellant guilty as a conspirator under section 7.02(b) of the Texas
Penal Code.  See Tex. Penal Code ' 7.02(b)
(providing that if, in the attempt to carry out a conspiracy to commit one
felony, another felony is committed, then the conspirator is guilty of the
felony actually committed if it was committed in furtherance of the unlawful
purpose and was one that should have been anticipated, even if the conspirator
had no intent to commit it); see also Longoria v. State, 154 S.W.3d 747,
754 (Tex. App.CHouston [14th Dist.] 2004, pet. filed)
(stating it is well-settled under Texas law that a person can be found guilty
of capital murder as a conspiring party under section 7.02(b)).








Appellant concedes that the record
suggests that he, along with Fernandez and possibly others, planned the
underlying robbery.  But appellant
contends the record is silent about what risks and dangers he should have anticipated.  We disagree. 
The record reflects that Fernandez was armed with a loaded gun when
appellant entered the store with him. 
The fact that the men entered the store armed with a gun supports the
jury=s finding that
appellant should have anticipated the complainant=s death.  See Longoria, 154 S.W.3d at 757; see
also Tippitt v. State, 41 S.W.3d 316, 324B25  (Tex. App.CFort Worth 2001,
no pet.) (listing cases  holding that a
defendant should anticipate a resulting murder when the defendant knows that a
gun would be used during the robbery). 
The record also reflects that the complainant=s murder was in
furtherance of the robbery.  The
complainant and his wife struggled with Fernandez and the appellant when the
two men began their attempt to rob the store. 
But it was not until after Fernandez shot the complainant that
appellant took the money from the cash register.  

When viewed in the light most favorable to
the verdict, this evidence is legally sufficient for the jury to rationally
have concluded, beyond a reasonable doubt, that appellant should have anticipated
the complainant=s murder and that the complainant was
murdered to allow appellant and Fernandez to carry out the robbery and to
further the conspiracy to commit robbery. 
See Jackson, 443 U.S. at 319; Sanders, 119 S.W.3d at 820; Clewis,
922 S.W.2d at 132.  Even when viewed in a
neutral light, this evidence is not so weak, nor is the contrary evidence so
strong, that the beyond-a-reasonable-doubt standard could not have been met.  See Zuniga, 144 S.W.3d at 484B85.

Therefore, we hold that the evidence is
legally and factually sufficient to support appellant=s conviction for
capital murder.

II.       Double
Jeopardy

Appellant claims that he should not have been tried for
capital murder because Fernandez, his co-defendant and the principal actor, was
impliedly acquitted in a separate trial of capital murder by virtue of being
convicted of felony murder, a lesser offense. 
Appellant asserts that Fernandez=s acquittal of capital murder
collaterally estops the State from proving the intent element of capital murder
in his case.  Whether collateral estoppel
should apply is a question of law for the court to decide.  James v. City of Houston, 138 S.W.3d
433, 437 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  








The doctrine of collateral estoppel is
embodied within the constitutional bar against double jeopardy.  Ex parte Watkins, 73 S.W.3d 264, 267
(Tex. Crim. App. 2002).  But the two
concepts are different in that double jeopardy bars any retrial of a
criminal offense, while collateral estoppel only bars retrial of specific and
discrete facts that have been fully and fairly adjudicated.  Id. 
Under the doctrine of collateral estoppel, Awhen an issue of
ultimate fact has once been determined by a valid and final judgment, that
issue cannot again be litigated between the same parties in any future
lawsuit.@  Id. at 268 (quoting Ashe v. Swenson,
397 U.S. 436, 443 (1970) (emphasis added). 


Appellant insists that he could be
convicted only as a party, and therefore the finding that Fernandez did not
have the intent to kill required for a capital murder conviction should apply
to his capital murder trial as well.  The
State argues that appellant was not a party to Fernandez=s trial, and
therefore collateral estoppel does not apply.

Collateral estoppel forbids re-litigation
of an issue between the same parties that litigated the issue in a prior
lawsuit.  E.g., Ashe,
397 U.S. at 443; Watkins, 73 S.W.3d at 267; Ex parte Infante, 151
S.W.3d 255, 259 (Tex. App.CTexarkana 2004, no
pet.).  Whether collateral estoppel
should apply in this case, then, depends on whether the two cases involved the
same parties.  See Moreno v. State,
1 S.W.3d 846, 858 (Tex. App.CCorpus Christi
1999, pet. ref=d). 


The parties in the first case were the
State of Texas and Roberto Fernandez. 
The parties in this case are the State of Texas and appellant.  Because the parties in the two trials are
different, appellant cannot claim collateral estoppel as to any issue resolved
at Fernandez=s trial.[7]  We overrule this issue. 








III.      Officer Carroll=s Testimony

In
his last remaining issue, appellant claims the trial court committed reversible
error when it prohibited appellant from asking Officer Carroll whether he
thought appellant was upset because he did not intend for Fernandez to shoot
the complainant.  Appellant claims that,
under Texas Rule of Evidence 701, he should have been allowed to elicit a lay
opinion from Officer Carroll concerning why appellant was upset.[8]

To be admissible
under Rule 701, opinion testimony must have two attributes.  Tex.
R. Evid. 701; Fairow v. State, 943 S.W.2d 895, 898 (Tex. Crim.
App. 1997) (en banc).  First, the opinion
must be rationally based on personal knowledge. 
Farrow, 943 S.W.2d at 898. 
An opinion will satisfy the personal knowledge requirement if it is an
interpretation of the witness=s objective
perception of events.  Id. at
899.  To be rationally based, the opinion
must be one that a reasonable person could draw under the circumstances.  Id. at 900.  Second, the testimony must be helpful to the
trier of fact, either helping the fact-finder to understand the witness=s testimony or
determine a fact at issue.  Id.  Important factors in determining if the
second element has been met include whether the court finds the testimony
overly confusing or complicated, and the degree to which the witness is able to
convey the events from which his opinion is drawn.  Id. 
For example, if a witness can articulate his perceptions in great
detail, then the jury would be able to make up its own mind and an opinion
would not be helpful.  Id.  








Appellant contends that the lay opinion he
sought from Officer Carroll would have met both of these criteria.  He claims that the testimony was a rational
inference based on the officer=s personal
observation of the incident, and that it would have helped the jury in
determining whether appellant had the intent required for capital murder.  

Whether an opinion meets the requirements
of Rule 701 is within the sound discretion of the trial court, and the trial
court=s decision
regarding admissibility should be overturned only if the court abuses that
discretion.  Id. at 901.  If there is evidence in the record that
supports the trial court=s decision to admit or exclude an opinion
under Rule 701, then there is no abuse and we must defer to that decision.  Id. 
We review the trial court=s ruling in light
of the evidence before the trial court when the ruling was made.  Carrasco v. State, 154 S.W.3d 127, 129
(Tex. Crim. App. 2005) (en banc). 

The evidence in the record supports the
trial court=s decision.  When the trial court decided to exclude the
testimony, Officer Overby, another officer, already had  told the jury what appellant said immediately
after his arrest.  The jury was just as
capable of interpreting those statements as Officer Carroll, rendering the
utility of any opinion of Officer Carroll as to their meaning of slight or no
usefulness.  See, e.g., Roberts
v. State, 743 S.W.2d 708, 711 (Tex. App.CHouston [14th
Dist.] 1987, pet. ref=d) (holding that an officer=s lay opinion was
unnecessary and inadmissible when the jury had the information before it and
was able to draw its own inferences). 
This evidence supports the trial court=s ruling and,
therefore, the trial court did not abuse its discretion.  We overrule appellant=s final issue.       

Conclusion

Having
addressed and overruled each of appellant=s issues, we affirm the trial court=s judgment.

 

 

/s/      Wanda McKee Fowler

Justice

 








Judgment
rendered and Memorandum Opinion filed July 21, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  A witness at
trial testified that the video showed appellant spraying something from what
appeared to be an aerosol can at the complainant=s wife=s face.  The
complainant=s son testified that his mother=s eyes had a burned appearance.  Appellant=s
attorney referred to the substance as mace spray during his closing
argument.  Although the record does not
definitively identify the substance appellant used as mace, for simplicity, we
refer to it as mace.  





[2]  Before firing
the fatal shot, Fernandez beat the complainant so severely that he suffered
twenty-five facial wounds, skull fractures, and brain swelling,  in addition to many defensive wounds on his
arms and body.  During this time,
appellant struggled with the complainant=s wife,
eventually spraying mace in her face.





[3]  Appellant=s fingerprints were later discovered on the counter.





[4]  The majority
of the money was found in the van and in Fernandez=s possession; appellant had roughly $350.00 in cash
when arrested.  The complainant=s son testified that the complainant typically kept
large amounts of cash at his store on Fridays and Saturdays in order to cash
his customers= paychecks. 





[5]  Appellant
cursed the arresting officers before saying that he would rob them the next
time.  Appellant also asked the
officers,  ADid they
find the gun?  How would you feel if your
partner did you like that? He should have stayed quiet.@





[6]  The court=s charge permitted the jury to convict appellant if it
found he was guilty as a principal, as a party, or as a conspirator.  The charge follows section 7.02 of the Texas
Penal Code, which provides:

(a)        A
person is criminally responsible for an offense committed by the conduct of
another if . . . :

(2)        acting
with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense; or . . . 

(b)        If, in
the attempt to carry out a conspiracy to commit one felony, another felony is
committed by one of the conspirators, all conspirators are guilty of the felony
actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.  

Tex. Penal Code ' 7.02(a)(2), (b).





[7]  In addition,
section 7.03 of the Texas Penal Code specifically forbids a defendant whose
criminal responsibility is based on the conduct of another from raising as a
defense the fact that the person for whose conduct the actor is criminally
responsible: 1)  has been acquitted; 2)
has not been prosecuted or convicted; 3) has been convicted of a different
offense or a different type or class of offense; or 4) is immune from
prosecution.  Tex. Penal Code '
7.03.  Appellant raises the
constitutionality of this provision in his brief.  However, the issue was not raised below and,
therefore,  is not properly before this
court.  See Curry v. State, 910
S.W.2d 490, 496 (Tex. Crim. App. 1995); see also Tex. R. App. P. 33.1(a); Dean v. State, 60 S.W.3d 217,
225B26 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).





[8]  Rule 701 of the Texas Rules of
Evidence states: 

If the witness is not testifying as an expert, the
witness= testimony in the form of opinions
or inferences is limited to those opinions or inferences which are (a)
rationally based on the perception of the witness and (b) helpful to a clear
understanding of the witness= testimony or the determination of a fact in issue.

Tex. R. Evid. 701.