MARY'S OPINION HEADING 








NO. 12-09-00265-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

HENRY YOUNG,                                          §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

A jury found Henry Young guilty of unlawful possession
of a firearm by a felon and assessed his punishment at imprisonment for twenty
years.  In two issues, Appellant contends the evidence is factually
insufficient to support his conviction, and the trial court erred by allowing
impermissible testimony on the ultimate issue of guilt.  We affirm.

 

Background

Several officers visited the home of Crystal Johnson
in the course of investigating a theft.  Their attention was drawn to a large barbecue
grill in the yard.  Inside the grill, the officers discovered a .22 Marlin
rifle.  Johnson told the officers that she had asked Appellant, her husband, to
remove the rifle from the house, because there were children living there. 
Appellant, however, had not lived at the house for over a week before the
rifle’s discovery.

Knowing Appellant was a convicted felon, the
officers contacted Appellant and asked that he come to the home to answer their
questions regarding the rifle.  Appellant told Detective Shelton of the Gregg
County Sheriff’s Department that he owned the weapon, because they had trouble
with wild dogs in the neighborhood.  Detective Shelton called ATF Agent Parker
on his cell phone.  Appellant told Agent Parker that the Marlin .22 was his, and
that he kept it because of the wild dogs.  He moved it out of the house because
of their child.  Detective Breazeale of the Smith County Sheriff’s Department
questioned Appellant’s wife.  She told Detective Breazeale that Appellant owned
the gun.  He had formerly kept it in the house, she said, but she had told him
to get it out of the house.  Appellant told Detective Breazeale that he bought
the rifle for twenty dollars from a man named Kelly.  Detective Breazeale
testified that the only rifle found in the barbecue grill was the .22 Marlin
admitted into evidence.

 

Sufficiency of
the Evidence

In his first issue, Appellant maintains the evidence
is factually insufficient to support his conviction.

Standard of Review

In considering a factual sufficiency challenge, the
reviewing court must determine whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination of guilt,
or if the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000); see also Watson v. State, 204 S.W.3d 404,
417 (Tex. Crim. App. 2006).

Applicable Law

In Grantham v. State, 116 S.W.3d 136
(Tex. App.–Tyler 2003, pet. ref’d), this court summarized what the state must
establish to prove the unlawful possession of a firearm by a felon.

 

To establish unlawful possession
of a firearm by a felon, the State must show the accused was previously
convicted of a felony offense and possessed a firearm after the conviction and
before the fifth anniversary of his release from confinement or from
supervision under community supervision, parole, or mandatory supervision,
whichever is later.  Possession is a voluntary act if the possessor knowingly
obtains or receives the thing possessed or is aware of his control of the thing
for a sufficient time to permit him to terminate his control.  As to the
element of possession, the State must show the accused knew of the firearm’s
existence and that he exercised actual care, custody, control, or management
over it.  The evidence used to satisfy these elements may be direct or
circumstantial.  When the firearm is not found on the accused’s person or is
not in the accused’s exclusive possession, additional facts must affirmatively
link the accused to the contraband. (citations omitted).

 

Id.
at 143.

            The link
between the firearm and the defendant may be shown through the defendant’s    incriminating
statements.  James v. State, 264 S.W.3d 215, 219 (Tex.
App.–Houston [1st Dist.] 2008, pet. ref’d).

Discussion

            Appellant
argues that the officers found the rifle in the yard of a home where he was not
then living and over which he had no immediate access or control.  Moreover, he
argues, the State’s own witnesses were forced to concede that, at best,
Appellant had been in possession of the rifle at some previous undetermined
time.  Appellant contends the evidence is insufficient because the State
established only his ability and opportunity to commit the offense.

            Appellant
told three officers that the rifle belonged to him.  He told Detective
Breazeale that he had bought it from a man named Kelly for twenty dollars.  Appellant
also said he placed it in the barbecue pit to keep it away from his child.  His
wife explained to Detective Breazeale that Appellant had formerly kept the gun
in the house, but she told him to move it out of the house to keep it away from
their six-year-old child.  Appellant, she said, had been staying in Kilgore for
the last two weeks before the rifle’s discovery.  At trial, she testified that
she had never seen the rifle before.  She denied ever telling Appellant to
remove it from her house.  However, the credibility of witnesses is for the
jury’s determination.  The jury was free to disbelieve her testimony and
believe Detective Breazeale.  See Margraves v. State, 34 S.W.3d
912, 919 (Tex. Crim. App. 2000), overruled in part by Laster v. State,
275 S.W.3d 512 (Tex. Crim. App. 2009).

            Appellant’s
first issue is overruled.

 

Testimony on Ultimate Issue

            In
his second issue, Appellant complains the trial court erred in allowing
testimony on the ultimate issue of guilt.

            During
the direct examination of Officer Cecil Shelton, the prosecutor asked the
following questions:

 

Q:  From all the evidence that
you’ve got, based on all the information that you’ve had, was Henry Young in
possession of State’s Exhibit Number 1, the firearm, on August 23, 2007, in
Smith County, Texas?

 

[DEFENSE COUNSEL]:  Judge, I’m
going to object.  That’s a legal conclusion, invading the province of the
jury.  The jurors are the fact-finders of the case.  They have to make the
determination if he’s in possession of a firearm.

 

THE COURT:  It’s an issue to be
decided by the jury.  I’ll allow the detective to give his opinion on it.

 

Q:  Through your training and
experience, what is your opinion ?

 

A:  By my conversation with Mr.
Young that the firearm had been in his possession, it was not in his hands when
we found it in the barbecue pit, because he was not there.  But by his words to
us and other folks that I spoke with, the gun had been in his possession
previously.

 

 

Standard of Review

            The
trial court’s rulings on the admissibility of evidence are reviewed for abuse
of discretion.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim.
App. 2001).  A trial court does not abuse its discretion if its decision to
admit or exclude evidence is “within the zone of reasonable disagreement.”  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

            An
appellate court must disregard nonconstitutional error that does not affect a
defendant’s “substantial rights.”  Tex.
R. App. P. 44.2(b).  The reviewing court may not reverse for
nonconstitutional error if the court, after examining the record as a whole,
has fair assurance that the error did not have a substantial and injurious
effect or influence in determining the jury’s verdict.  Garcia v. State,
126 S.W.3d 921, 927 (Tex. Crim. App. 2004).  A violation of the evidentiary
rules resulting in the erroneous admission of evidence is nonconstitutional
error.  See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998).

Applicable
Law

            If
the witness is not testifying as an expert, the witness’s testimony in the form
of opinions or inferences is limited to those opinions or inferences that are
(a) rationally based on the perception of the witness and (b) helpful to a
clear understanding of the witness’s testimony or the determination of a fact
in issue.  Tex. R. Evid. 701. 
Testimony in the form of an opinion or inference otherwise admissible is not
objectionable because it embraces an ultimate issue to be decided by the trier
of fact.  Tex. R. Evid. 704.  A
witness, however, may not state a legal conclusion.  Hopkins v. State,
480 S.W.2d 212, 218 (Tex. Crim. App. 1972). 

            “Possession”
means actual care, custody, control, or management.  Tex. Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2009).

            If
the jury has the same information as the witness, and can fully understand the
matter and draw the proper inferences and conclusions, the witness’s opinion
testimony is unnecessary and inadmissible.  Roberts v. State, 743
S.W.2d 708, 711 (Tex. App.–Houston [14th Dist.] 1987, pet. ref’d).

Discussion

            Appellant’s
defensive theory was that, when the rifle was recovered, he was not in
possession or control of it or the property where it was found.  Against these
facts, the jury was required to weigh testimony that Appellant had admitted
ownership of the rifle and that Ms. Johnson had asked him to remove the gun
from the house.  The admission of Officer Shelton’s testimony that “the gun had
been in his possession previously,” he insists, affected his substantial
rights.

            The
question posed by the prosecutor was not improper merely because it embraced an
ultimate issue.  See Tex. R.
Evid. 704.

            The
prosecutor asked Officer Shelton his opinion as to whether Appellant was in possession
of a firearm “from all the evidence that you’ve got, based on all the
information that you’ve had.”  The question calls for a legal conclusion based
perhaps on facts and conversations not in evidence.  “Possession” is defined in
the penal code, and the trial court submitted that definition in the charge.

            The
State contends that Officer Shelton did not testify as an expert.  But, given his
credentials, the jury surely gave his testimony added weight.  The danger lay
in the risk that the difference in the legal definition supplied by the trial
court and the meaning attached to the term by Officer Shelton could have misled
the jury.

            However,
assuming the trial court erred in overruling Appellant’s objection, we conclude
the error was harmless.  We have examined the entire record, and we are
convinced the error did not influence the jury or had but slight effect.  See
Tex. R. App. P. 44.2(b).  Given
Appellant’s admissions to three officers together with his wife’s statements
when the rifle was discovered, it would have been almost impossible for the
jury to have reached any other conclusion.  The State did not emphasize
Detective Shelton’s answer during the balance of his testimony or during
closing argument.  Appellant’s second issue is overruled.

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

                                                                                                Bill Bass

                                                                                                    
Justice

 

 

 

 

Opinion delivered June 30, 2010.

Panel consisted of Griffith, J.,
Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by
assignment. 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)