# NO. 12-09-00265-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HENRY YOUNG,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury found Henry Young guilty of unlawful possession of a firearm by a felon and assessed his punishment at imprisonment for twenty years. In two issues, Appellant contends the evidence is factually insufficient to support his conviction, and the trial court erred by allowing impermissible testimony on the ultimate issue of guilt. We affirm.

### BACKGROUND

Several officers visited the home of Crystal Johnson in the course of investigating a theft. Their attention was drawn to a large barbecue grill in the yard. Inside the grill, the officers discovered a .22 Marlin rifle. Johnson told the officers that she had asked Appellant, her husband, to remove the rifle from the house, because there were children living there. Appellant, however, had not lived at the house for over a week before the rifle's discovery.

Knowing Appellant was a convicted felon, the officers contacted Appellant and asked that he come to the home to answer their questions regarding the rifle. Appellant told Detective Shelton of the Gregg County Sheriff's Department that he owned the weapon, because they had trouble with wild dogs in the neighborhood. Detective Shelton called ATF Agent Parker on his cell phone. Appellant told Agent Parker that the Marlin .22 was his, and that he kept it because

of the wild dogs. He moved it out of the house because of their child. Detective Breazeale of the Smith County Sheriff's Department questioned Appellant's wife. She told Detective Breazeale that Appellant owned the gun. He had formerly kept it in the house, she said, but she had told him to get it out of the house. Appellant told Detective Breazeale that he bought the rifle for twenty dollars from a man named Kelly. Detective Breazeale testified that the only rifle found in the barbecue grill was the .22 Marlin admitted into evidence.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant maintains the evidence is factually insufficient to support his conviction.

### Standard of Review

In considering a factual sufficiency challenge, the reviewing court must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination of guilt, or if the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also* *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

### Applicable Law

In *Grantham v. State*, 116 S.W.3d 136 (Tex. App.–Tyler 2003, pet. ref'd), this court summarized what the state must establish to prove the unlawful possession of a firearm by a felon.

> To establish unlawful possession of a firearm by a felon, the State must show the accused was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision under community supervision, parole, or mandatory supervision, whichever is later. Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. As to the element of possession, the State must show the accused knew of the firearm's existence and that he exercised actual care, custody, control, or management over it. The evidence used to satisfy these elements may be direct or circumstantial. When the firearm is not found on the accused's person or is not in the accused's exclusive possession, additional facts must affirmatively link the accused to the contraband. (citations omitted).

*Id*. at 143.

2

The link between the firearm and the defendant may be shown through the defendant's incriminating statements. *James v. State*, 264 S.W.3d 215, 219 (Tex. App.–Houston [1st Dist.] 2008, pet. ref'd).

## Discussion

Appellant argues that the officers found the rifle in the yard of a home where he was not then living and over which he had no immediate access or control. Moreover, he argues, the State's own witnesses were forced to concede that, at best, Appellant had been in possession of the rifle at some previous undetermined time. Appellant contends the evidence is insufficient because the State established only his ability and opportunity to commit the offense.

Appellant told three officers that the rifle belonged to him. He told Detective Breazeale that he had bought it from a man named Kelly for twenty dollars. Appellant also said he placed it in the barbecue pit to keep it away from his child. His wife explained to Detective Breazeale that Appellant had formerly kept the gun in the house, but she told him to move it out of the house to keep it away from their six-year-old child. Appellant, she said, had been staying in Kilgore for the last two weeks before the rifle's discovery. At trial, she testified that she had never seen the rifle before. She denied ever telling Appellant to remove it from her house. However, the credibility of witnesses is for the jury's determination. The jury was free to disbelieve her testimony and believe Detective Breazeale. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), *overruled in part by Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009).

Appellant's first issue is overruled.

### TESTIMONY ON ULTIMATE ISSUE

In his second issue, Appellant complains the trial court erred in allowing testimony on the ultimate issue of guilt.

During the direct examination of Officer Cecil Shelton, the prosecutor asked the following questions:

> Q: From all the evidence that you've got, based on all the information that you've had, was Henry Young in possession of State's Exhibit Number 1, the firearm, on August 23, 2007, in Smith County, Texas?

[DEFENSE COUNSEL]: Judge, I'm going to object. That's a legal conclusion, invading the province of the jury. The jurors are the fact-finders of the case. They have to make the determination if he's in possession of a firearm.

THE COURT: It's an issue to be decided by the jury. I'll allow the detective to give his opinion on it.

Q: Through your training and experience, what is your opinion ?

A: By my conversation with Mr. Young that the firearm had been in his possession, it was not in his hands when we found it in the barbecue pit, because he was not there. But by his words to us and other folks that I spoke with, the gun had been in his possession previously.

## Standard of Review

The trial court's rulings on the admissibility of evidence are reviewed for abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). A trial court does not abuse its discretion if its decision to admit or exclude evidence is "within the zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

An appellate court must disregard nonconstitutional error that does not affect a defendant's "substantial rights." TEX. R. APP. P. 44.2(b). The reviewing court may not reverse for nonconstitutional error if the court, after examining the record as a whole, has fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). A violation of the evidentiary rules resulting in the erroneous admission of evidence is nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

## Applicable Law

If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences that are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. TEX. R. EVID. 701. Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. TEX. R. EVID. 704. A witness, however, may not state a legal conclusion. *Hopkins v. State*, 480 S.W.2d 212, 218 (Tex. Crim. App. 1972).

"Possession" means actual care, custody, control, or management. TEX. PENAL CODE

4

ANN. § 1.07(a)(39) (Vernon Supp. 2009).

If the jury has the same information as the witness, and can fully understand the matter and draw the proper inferences and conclusions, the witness's opinion testimony is unnecessary and inadmissible. ***Roberts v. State***, 743 S.W.2d 708, 711 (Tex. App.–Houston [14th Dist.] 1987, pet. ref'd).

**<u>Discussion</u>**

Appellant's defensive theory was that, when the rifle was recovered, he was not in possession or control of it or the property where it was found. Against these facts, the jury was required to weigh testimony that Appellant had admitted ownership of the rifle and that Ms. Johnson had asked him to remove the gun from the house. The admission of Officer Shelton's testimony that "the gun had been in his possession previously," he insists, affected his substantial rights.

The question posed by the prosecutor was not improper merely because it embraced an ultimate issue. *See* TEX. R. EVID. 704.

The prosecutor asked Officer Shelton his opinion as to whether Appellant was in *possession* of a firearm "from all the evidence that you've got, based on all the information that you've had." The question calls for a legal conclusion based perhaps on facts and conversations not in evidence. "Possession" is defined in the penal code, and the trial court submitted that definition in the charge.

The State contends that Officer Shelton did not testify as an expert. But, given his credentials, the jury surely gave his testimony added weight. The danger lay in the risk that the difference in the legal definition supplied by the trial court and the meaning attached to the term by Officer Shelton could have misled the jury.

However, assuming the trial court erred in overruling Appellant's objection, we conclude the error was harmless. We have examined the entire record, and we are convinced the error did not influence the jury or had but slight effect. *See* TEX. R. APP. P. 44.2(b). Given Appellant's admissions to three officers together with his wife's statements when the rifle was discovered, it would have been almost impossible for the jury to have reached any other conclusion. The State did not emphasize Detective Shelton's answer during the balance of his testimony or during closing argument. Appellant's second issue is overruled.

5

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

### BILL BASS
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)